SLIP OPINION

Cite as 2015 Ark. 119

# SUPREME COURT OF ARKANSAS

No. CR–14–211

|  |  |
|---|---|
| | **Opinion Delivered** March 19, 2015 |
| QUENTON VERNARD JONES<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION<br>[NO. CR2012-622] |
| V. | |
| | HONORABLE JAMES LEON JOHNSON, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | REVERSED AND REMANDED. |

**JOSEPHINE LINKER HART, Associate Justice**

Quenton Vernard Jones pleaded guilty to first-degree murder, attempted first-degree murder, a sentencing enhancement for committing the crimes with a firearm, and a sentencing enhancement for committing the crimes in the presence of a child. Jones subsequently filed a petition seeking postconviction relief in which he asserted that he had entered the pleas as a result of ineffective assistance of counsel. The circuit court denied the petition without a hearing. On appeal, Jones argues that the circuit court erred in denying his petition without a hearing. We reverse and remand the circuit court's decision.

Jones was initially charged with capital murder and attempted capital murder, but his counsel, Ronald Davis, negotiated an agreement whereby the State would reduce the charges to first-degree murder and attempted first-degree murder in exchange for his guilty pleas and his agreement to testify against his codefendants. At the plea hearing, the State alleged that

Jones and Ivor Gordon went to an apartment on Green Mountain Drive in Little Rock, where Edwina Martin and her ten-year-old son were visiting her boyfriend, Daniel Hill. Jones shot Hill in the head, killing him. Martin was shot twice, but she survived. The State noted that the plea was conditioned on Jones truthfully testifying against Gordon and against Danny Brown, who allegedly hired Jones and Gordon to kill Martin.

At the hearing, Jones stated that he understood the charges against him and the penalty range for the crimes. He further admitted that he understood that by pleading guilty, he was giving up certain rights. He acknowledged that the plea statement he had signed provided that he freely, knowingly, and voluntarily pleaded guilty because he was guilty. Jones pleaded guilty to first-degree murder, attempted first-degree murder, and the two sentencing enhancements. The plea was accepted, and sentencing was postponed.

Jones subsequently filed a pro se motion alleging that Davis was ineffective, and he sought both the appointment of new counsel and the withdrawal of his guilty pleas. In his motion, Jones made several allegations of ineffective assistance of counsel, including that Davis had coerced him and had not conferred with him, provided him with discovery, or explained the charges. In its order, the circuit court treated Jones's pro se motion as a motion to withdraw his guilty plea, and after considering Jones's statements at the plea hearing and Davis's responsibilities in representing Jones, denied the motion without a hearing. Davis sought to withdraw from the case, and Jones retained new counsel, Dana Reece. Reece filed a motion asking the circuit court to reconsider its denial of the petition to withdraw the guilty plea and allow Reece to litigate the issue. The circuit court denied the motion without a

hearing. Reece filed an amended motion asking the court to reconsider its denial, and the court again denied the motion without a hearing. Thereafter, a sentencing hearing was held, and Jones received a total sentence of 660 months' imprisonment.

Reece then filed Jones's Rule 37 petition seeking postconviction relief. The petition asserted that, prior to the entry of the plea, Davis had limited conversations with Jones concerning facts and legal issues in the case and that Davis had refused to provide him with discovery materials. Further, the petition alleged that, when Davis approached Jones about the plea, he gave Jones the impression that Jones would receive a suspended sentence. The petition alleged that Davis had claimed that he had a close relationship with the presiding judge, whom he referred to as his "frat brother." Additionally, the petition asserted that Davis never informed him about the sentencing enhancements and that he learned that he would face a substantial amount of imprisonment only after he entered his guilty pleas. The petition clearly asserted that had Jones been better informed about the sentencing enhancements and the law, had he been able to review the discovery material, and had he not relied on his counsel's statements about his ability to persuade the court, he would not have entered his guilty plea, and that but for his counsel's ineffective assistance, he would not have pleaded guilty and would have gone to trial.

The circuit court denied Jones's petition without a hearing. In its written order, the circuit court noted that in the plea agreement, Jones acknowledged that he was satisfied with his attorney's services and that his plea had not been induced by any force, threat, or promise, apart from the plea agreement. The court also considered Jones's statements at the plea hearing.

The court further observed that Jones had failed to provide in his petition any reason for failing to mention during the plea hearing the allegations outlined in his petition. The circuit court stated that to prevail on a petition for postconviction relief, the "petitioner must show that there is a reasonable probability that, but for counsel's error, the fact finder would have had a reasonable doubt respecting guilt." The circuit court found that Jones had "failed to show that counsel was ineffective and in error."

On appeal, Jones contends that the circuit court, in requiring him to show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, applied the wrong analysis in considering his petition. Citing *Hill v. Lockhart*, 474 U.S. 52 (1985), he asserts that the circuit court should have instead considered whether he would have gone to trial had he not received ineffective assistance of counsel. Jones further argues that, contrary to the circuit court's suggestion, his failure to assert that counsel was ineffective at the time of the plea is not dispositive of his petition, as that would render illusory the plea withdrawal and postconviction-relief provisions in the rules of criminal procedure. He concludes that because Davis did not provide him discovery, because he was misled that he would receive leniency due to Davis's relationship with the judge, and because Davis did not discuss the sentencing enhancements, his counsel was ineffective. Jones asserted that he was entitled to a hearing to prove that he would not have entered a guilty plea if not for his counsel's ineffective assistance.

In an appeal from the denial of postconviction relief, this court considers whether, based on the totality of the evidence, the circuit court clearly erred in holding that counsel's

performance was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See, e.g., Mister v. State*, 2014 Ark. 445, at 1–2, 446 S.W.3d 624, 625. Under *Strickland*, a petitioner raising a claim of ineffective assistance of counsel must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Strickland*, 466 U.S. at 687. A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687–88. In doing so, the claimant must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 689. Further, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Id.* at 687. To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, a petitioner who has pleaded guilty must demonstrate a reasonable probability that, but for counsel's errors, the petitioner would not have so pleaded and would have insisted on going to trial. *Buchheit v. State*, 339 Ark. 481, 483, 6 S.W.3d 109, 111 (1999) (per curiam) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Here, Jones's petition asserted that had he been better informed about the law and the sentencing enhancements, had he been able to review the discovery material, and had he not relied on his counsel's statements about his ability to persuade the court, he would not have entered his guilty plea and would have gone to trial. Thus, his petition makes specific allegations that Davis's performance was deficient and that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The circuit court, however,

considered whether there was a reasonable probability that, but for counsel's error, the fact-finder would have had a reasonable doubt respecting guilt, and not, as required by *Hill*, whether there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Arkansas Rule of Criminal Procedure 37.3(a) requires an evidentiary hearing in a postconviction proceeding unless the files and records of the case conclusively show that the petitioner is entitled to no relief. *Sparkman v. State*, 373 Ark. 45, 48, 281 S.W.3d 277, 280 (2008). Given that Jones's petition made sufficient allegations to create a question of fact that his counsel's performance was deficient and that the circuit court applied the wrong standard in reviewing Jones's petition, we reverse and remand the case to the circuit court for an evidentiary hearing on Jones's claims.

Reversed and remanded.

*Jeff Rosenzweig*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.