SLIP OPINION

Cite as 2015 Ark. 344

# SUPREME COURT OF ARKANSAS

No. CR–13–775

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** October 1, 2015 |
| IVOR GORDON | | APPEAL FROM THE PULASKI |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 60CR-12-622] |
| V. | | |
| | | HONORABLE LEON JOHNSON, |
| | | JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | <u>AFFIRMED; MOTION TO</u> |
| | | <u>WITHDRAW GRANTED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Ivor Gordon appeals from his convictions for capital murder and criminal attempt to commit capital murder, for which he was sentenced as a habitual offender to life imprisonment without parole and life imprisonment, respectively, with enhancements for using a firearm and committing the offenses in the presence of a child.[1] His attorney has filed a no-merit brief pursuant to Rule 4–3(k) of the Rules of the Arkansas Supreme Court and *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no nonfrivolous issues for appeal; counsel has also filed a motion to withdraw. Gordon has filed pro se points for reversal, and the State has responded. In compliance with Rule 4–3(i), because this is a life

---

[1]On May 29, 2014, this court remanded to supplement and settle the record and directed counsel to file a substituted brief. *See Gordon v. State*, 2014 Ark. 255 (per curiam). On May 7, 2015, this court ordered rebriefing because the argument section of counsel's brief failed to adequately explain why each adverse ruling did not present a meritorious ground for reversal. *Gordon v. State*, 2015 Ark. 191 (per curiam).

SLIP OPINION

imprisonment case, the State has certified that all adverse rulings are included in appellant's brief and states that there are no other issues that involve potentially prejudicial error to Gordon. After having reviewed the record, briefs, and pro se points, we affirm the convictions and grant counsel's motion to withdraw.

This is a murder-for-hire case. According to Gordon's statement to police, which was introduced at trial, he was hired by Danny Brown to kill Brown's ex-girlfriend and mother of his two children, Edwina Martin.[2] On January 3, 2012, Gordon and Quentin Jones waited for Martin outside her mother's apartment on Green Mountain Drive in Little Rock. When she and her boyfriend, Daniel Hill, arrived, Gordon and Jones followed them inside the apartment; Martin's mother and ten-year-old nephew were also present. Gordon shot Martin with a .40 Taurus, but Hill then tackled Gordon and got his gun. At that point, Jones shot Hill in the head. Ultimately, Hill was killed and Martin was shot in the chest and hip but survived her injuries. Gordon was paid $250 before the shooting, and he received a 2002 Chevrolet Suburban and an additional payment of $220 after the shooting. Phone records and video from a Wal-Mart parking lot surveillance camera confirmed that Gordon had been in phone contact with Danny Brown and that he had picked up the Suburban; pay stubs belonging to Brown were found in the vehicle. Both Edwina Martin and her nephew identified Gordon in a photo line-up.

---

[2]The charges against Danny Brown were nolle prossed. At the time of Gordon's trial, Edwina Martin had married Danny Brown.

At trial, Gordon's counsel admitted that Gordon and Jones had shot the victims and did not challenge the sufficiency of the evidence; the defense strategy was to convince the jury that Gordon was not guilty of capital murder but, instead, of first- or second-degree murder. The jury found Gordon guilty of capital murder and criminal attempt to commit capital murder, with the above-noted enhancements, the court sentenced him, and he filed a timely notice of appeal on March 14, 2013.

Counsel has outlined each adverse ruling and adequately explained why none presents a meritorious ground for reversal. Additionally, counsel has pointed out that any error is harmless in light of the introduction of Gordon's detailed confession. Counsel has outlined the parts of the confession that were corroborated by other evidence. Having carefully reviewed the record, we agree with counsel that none of the rulings adverse to Gordon present meritorious grounds for reversal.

Finally, Gordon's pro se points offer no grounds for reversal. First, he contends that his statement was taken after he had invoked his right to remain silent and the detective impermissibly reinitiated contact. However, as Gordon notes, this statement was admitted at trial without objection. Because there was no contemporaneous objection to appellant's claim regarding the introduction of his statement, any claim of error on that point is not preserved for appellate review. The law is well settled that to preserve an issue for appeal, a defendant must object at the first opportunity. *Mezquita v. State*, 354 Ark. 433, 443, 125 S.W.3d 161, 166 (2003). Next, Gordon contends that his trial counsel was ineffective for (1) failing to object to "the use of Danny Brown by prosecution as an element of the underlying

felony of Capital Felony Murder" when Brown himself was not prosecuted and (2) failing to properly "introduce" Quentin Jones to the jury pool, leading the trial court to exclude Jones as a witness. Appellant's claims that his counsel was ineffective were not raised below.[3] It is well settled that this court will not consider ineffective-assistance-of-counsel claims on direct appeal unless that issue has been considered by the trial court. *E.g.*, *Ratchford v. State*, 357 Ark. 27, 35, 159 S.W.3d 304, 309 (2004). Therefore, appellant's claims that his counsel was ineffective are not preserved for appellate review on direct appeal. Gordon also argues that the trial court abused its discretion by improperly limiting the defense's direct examination of the victim, Ms. Martin. He argues that defense counsel was not given "appropriate leeway" to examine Ms. Martin and was allowed to ask only one question. As the State points out in its brief, this is inaccurate because defense counsel asked multiple questions of Ms. Martin. If Gordon is referring to the trial court sustaining the State's objection to the defense asking Ms. Martin *when* she married Danny Brown, that argument is without merit. The defense was permitted to introduce the fact that Ms. Martin was married to former codefendant Danny Brown, and any further inquiry into defense-witness Martin's marriage was not relevant to Gordon's guilt or innocence. Thus, we find no reversible error on this point. Finally, Gordon contends that the prosecution committed a *Brady* violation by failing to inform the defense of "facts relating to the victim (Edwina Martin) and former co-defendant (Danny Brown)"; he claims that their marriage reveals Martin's and the

---

[3]To the extent that Gordon's previous point can be characterized as an ineffective assistance of counsel claim for failure to object to the admission of the statement, that claim likewise was not raised below.

prosecution's "bias and highly prejudicial purpose" concerning this case. The three-prong test for a *Brady* violation requires a determination (1) whether the material was favorable to the accused; (2) if favorable, whether it was deliberately or inadvertently withheld by the State; and (3) if withheld, whether prejudice ensued from the suppression of the material. *See Cloird v. State*, 357 Ark. 446, 452, 182 S.W.3d 477, 480 (2004). Gordon has not identified any specific, material evidence withheld by the prosecution that the defense did not have. Thus, we find no reversible error.

In compliance with Arkansas Supreme Court Rule 4–3(i), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant. From this review, no prejudicial error has been found.

Affirmed; motion to withdraw granted.

*Benca & Benca*, by: *Patrick J. Benca*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.