SLIP OPINION

Cite as 2016 Ark. 304

# SUPREME COURT OF ARKANSAS

No. CR-16-61

| | |
|---|---|
| QUENTON VERNARD JONES<br>APPELLANT | **Opinion Delivered** September 15, 2016 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-12622] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JAMES LEON JOHNSON, JUDGE |
| | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

On August 7, 2012, appellant, Quenton Vernard Jones, pleaded guilty to first-degree murder, criminal attempt to commit first-degree murder, a firearm enhancement, and an enhancement because the crime was committed in the presence of a child. Jones appeals from the circuit court's denial of his petition for post-conviction relief. We affirm.

On August 28, 2012, Jones filed a pro se motion for ineffective assistance of counsel asserting that he did not voluntarily plead guilty, which the circuit court treated as a plea–withdrawal motion. On October 30, 2012, without conducting a hearing, the circuit court denied the motion. On November 9, 2012, through counsel, Jones filed a motion to set aside the circuit court's order, and on November 19, 2012, without a hearing, the circuit court denied Jones's motion. On November 30, 2012, Jones filed a motion for reconsideration and on December 6, 2012, the circuit court denied the motion. On June 5, 2013, Jones was

SLIP OPINION

sentenced to 55 years' imprisonment, and on July 12, 2013, the circuit court entered an order to that effect.

On October 4, 2013, Jones filed a Rule 37 petition. The petition asserted that, prior to the entry of the plea, Jones's counsel, Ron Davis, had limited conversations with Jones concerning facts and legal issues in the case and that Davis had refused to provide him with discovery materials. Further, Jones alleged that when Davis approached Jones about the plea, he gave Jones the impression that Jones would receive a suspended sentence because of counsel's close relationship with the judge, whom he referred to as his fraternity brother. Additionally, the petition asserted that Davis never informed him about the sentencing enhancements and that he learned that he would face a substantial amount of prison time only after he entered his guilty pleas. The petition also asserted that, but for his counsel's ineffective assistance, he would not have pleaded guilty and would have gone to trial. The circuit court denied Jones's petition without a hearing. Jones appealed and we reversed and remanded the matter to the circuit court for an evidentiary hearing and held that the circuit court had applied the wrong standard to Jones's petition. *Jones v. State*, 2015 Ark. 119, at 6.[1]

---

[1] In *Jones*, 2015 Ark. 119, at 5–6, we explained

Jones's . . . petition makes specific allegations that Davis's performance was deficient and that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The circuit court, however, considered whether there was a reasonable probability that, but for counsel's error, the fact finder would have had a reasonable doubt respecting guilt, and not, as required by *Hill*[ *v. Lockhart*, 474 U.S. 52 (1985)], whether there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Arkansas Rule of Criminal Procedure 37.3(a) requires an evidentiary hearing in a postconviction proceeding unless the files and records of the case conclusively show

On August 28, 2015, the circuit court conducted a hearing. At the hearing, Jones testified that he would not have entered his plea if he had proper information and proper representation from his counsel, Ron Davis. Jones testified that Davis told Jones that there was "no defense," that the judge was a fraternity brother of Davis's, and that the judge would give Jones the minimum sentence due to Davis's relationship with the judge. Jones further testified that Davis visited him in jail two or three times for short visits. Jones testified that Davis stated that Davis was due a favor from the court, that Jones could get the minimum sentence, and that Davis would work on getting a "couple of years" suspended from his sentence. Jones also testified that the enhancements had not been explained to him and that he believed he would be sentenced to ten years. Jones further testified that Davis failed to investigate witnesses, Ivor Gordon and Edwina Martin. On cross-examination, Jones testified that, in addition to the jail visits, he visited with Davis six times prior to entering his plea and also talked with Davis at the Little Rock Police Department. Jones also testified on cross-examination that although the enhancements were listed on his plea agreement, he consented to the agreement, and he did not ask questions, but he testified that the enhancements were not explained to him. Jones also testified that he was threatened by Ivor Gordon, which was a factor in entering the plea.

Anthony Brown, Jones's stepfather, testified that he had encouraged Jones to take the

---

that the petitioner is entitled to no relief. *Sparkman v. State*, 373 Ark. 45, 48, 281 S.W.3d 277, 280 (2008). Given that Jones's petition made sufficient allegations to create a question of fact that his counsel's performance was deficient and that the circuit court applied the wrong standard in reviewing Jones's petition, we reverse and remand the case to the circuit court for an evidentiary hearing on Jones's claims.

plea. He further testified that Davis met with the family, and Davis told Brown that he had influence with the judge and that he had additional influence with the judge because Davis's wife was an employee with the police department. On cross-examination, Brown testified that at times it was difficult to reach Davis, that he did not have specific complaints, but rather that Davis did not put on a good defense and did not give Jones information.

Penny Brown, Jones's mother, testified that Davis did not meet with Jones other than for a few scarce visits and testified that Davis was not honest with Jones and his family because the family believed he was not guilty. Brown also testified that Davis opined that there was not a defense for Jones.

Lupion Vernard Jones, Jones's father, testified that he had encouraged Jones to enter the plea agreement. Lupion also testified that he met with Davis at the Joneses' home, and Davis stated that if Jones took the plea, he would probably be out of prison in five to ten years and also stated that he and the judge were fraternity brothers and that the judge was going to go easy on sentences.

Davis, testified that he had been hired by Jones's mother and his stepfather to represent Jones. Davis testified that, prior to Jones entering his plea, he met with Jones approximately seven times, including three occasions where he discussed the specifics of his case, and that he met with Jones's family two or three times. Davis further testified that he explained to Jones and his family that he knew the particular judge, how he knew the judge, and that the judge would be fair and reasonable. Davis further testified that he never indicated that Jones would receive special consideration or a favor because Davis knew the judge. Davis testified

that because of the egregious facts in the case—a child witnessing a murder—Davis advised that it was best for Jones to be sentenced by a judge and not a jury. Davis testified that he did not have a special relationship with the judge. Davis further testified that he did not interview Edwina Martin because she did not want to speak with him, and that because codefendant Ivor Gordon was represented by counsel, the Rules of Professional Conduct did not allow him to visit with Gordon.

On cross-examination, Davis testified that he and the judge had been in the same fraternity which is a national organization, and that the two did not attend the same institution. Davis further testified that when he mentioned the specific judge and how he thought the judge would handle the case, he also discussed all of the sitting criminal circuit judges and told the Jones family what the different judges were likely to do in a situation such as Jones's case. Davis testified that, of those circuit court judges, he opined that the judge in Jones's case had demonstrated to him in the past that he was fair in sentencing and explained his opinion to the Jones family. Finally, the record demonstrates that when Jones entered his plea, he stated that he was aware of the terms in the agreement, understood it, and voluntarily entered into the plea agreement.

On October 8, 2015, the circuit court denied Jones's petition. Jones timely appealed and presents one issue on appeal: the circuit court should have granted relief and vacated Jones's convictions.

"On appeal from a trial court's ruling on a petitioner's request for Rule 37 relief, this court will not reverse the trial court's decision granting or denying postconviction relief unless

it is clearly erroneous. *Kemp v. State*, 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id*." *Prater v. State*, 2012 Ark. 164, at 8, 402 S.W.3d 68, 74.

"The benchmark for judging a claim of ineffective assistance of counsel must be 'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' *Strickland* [*v. Washington*, 466 U.S. 668, (1984)]." *Henington v. State*, 2012 Ark. 181, at 3–4, 403 S.W.3d 55, 58. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007).

Finally, "the rule for evaluating ineffective-assistance-of-counsel claims in cases involving guilty pleas appears in *Hill v. Lockhart*, 474 U.S. 52 (1985). In that case, the Supreme Court held that the 'cause and prejudice' test of *Strickland v. Washington*, 466 U.S. 668 (1984), applied to challenges to guilty pleas based on ineffective assistance of counsel. The Court further held that in order to show prejudice in the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. at 59. " *Mancia v. State*, 2015 Ark. 115, at 11–12, 459 S.W.3d 259, 268.

SLIP OPINION

## I. *Ineffective Assistance of Counsel*

With this standard in mind, we now turn to the issue raised by Jones. Jones asserts that although the circuit court disposed of the issues before it, the court did not analyze the issues in a substantive way and did not make credibility determinations.

At issue is the circuit court's October 8, 2015 order which held in pertinent part,

> For a defendant who entered a guilty plea to prevail in a claim of ineffective assistance of counsel, he must establish prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have entered a plea and would have insisted on going to trial. *Scott v. State*, 201 Ark. 199, 406 S.W.3d 1. A petitioner under rule 37.1 in those proceedings must allege some sort of direct correlation between counsel's deficient behavior and the decision to enter the plea. *Scott*, 2012 Ark. 199. The burden is entirety on the petitioner to provide facts that affirmatively support the claims of prejudice. *Wells v. State*, 2012 Ark. 308 (per curiam).

> Mr. Jones failed to demonstrate a reasonable probability that, for counsel's errors, he would not have pleaded and would have insisted on going to trial. *Buchheit v. State*, 339 Ark, 481, 483, 6 S.W.3d 109, 111 (1999)(per curiam)(citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

> WHEREFORE, the petition for relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure is denied.

Jones asserts that the circuit court erred because "the opinion short-shrifted the most salient issues in Jones's testimony as to reasons for his plea." Jones asserts that Davis and the circuit court judge were fraternity brothers and that one of the reasons Jones entered the guilty plea was because of Davis's misrepresentation and Jones's misunderstanding. Jones asserts that either a misrepresentation or a misunderstanding satisfies ineffective assistance of counsel and urges us to reverse the circuit court. Jones also asserts that the circuit court erred because it did not discuss the testimony of Jones's codefendant, Ivor Gordon, ruling that it was

7

irrelevant.

Here, in reviewing the circuit court's order, Rule 37.3(c) of the Arkansas Rules of Criminal Procedure provides that the court shall determine the issues and make written findings of fact and conclusions of law with respect thereto. Although Jones contends that the circuit court's findings on the issues were inadequate, we hold that the circuit court's findings are adequate for our review. The circuit court addressed the issues and the testimony presented and applied the correct legal standard. The court recounted the allegations, the testimony of Jones, of his family members, and of Davis. *Pigg v. State*, 2016 Ark. 108, at 2, 486 S.W.3d 751, 753. Regarding the credibility of witnesses in postconviction matters, we have explained, "the trial court is in the best position to resolve any conflicts in testimony. *Snelgrove v. State*, 292 Ark. 116, 728 S.W.2d 497 (1987). The judge at a postconviction-relief hearing is not required to believe the testimony of any witness, particularly that of the accused. *Skeels v. State*, 300 Ark. 285, 779 S.W.2d 146 (1989)." *Pardue v. State*, 363 Ark. 567, 571, 215 S.W.3d 650, 654–55 (2005). Here, as in *Pardue*, the circuit court credited Davis's account of events leading up to the guilty plea and held that Jones had not met his burden pursuant to *Strickland*. Jones had the burden to establish not only that counsel performed deficiently but that absent counsel's deficient performance he would not have entered the guilty plea. Jones has failed to meet his burden under this standard, and we affirm the circuit court. *Mancia*, 2015 Ark. 115, at 11–12, 459 S.W.3d at 268.

Affirmed.

*Jeff Rosenzweig*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.