KAREN R. BAKER, Associate Justice
Appellant Ivor Gordon appeals from the denial of his pro se petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37.1 (2016), which alleged the following grounds for relief: (1) that his trial counsel failed to seek suppression of Gordon's custodial statement; (2) that trial counsel was ineffective for failing to conduct an adequate pretrial investigation; (3) that trial counsel failed to interview witnesses, "allege codefendants," and investigate all statements *590 and notes that were a part of the record or discovery, i.e., counsel failed to investigate Gordon's only possible defense; (4) that trial counsel was ineffective for failing to call or interview Danny Brown, Quentin Jones, or T. Brown; (5) that trial counsel failed to "properly introduce Mr. Jones to the jury as a witness in the case against [ ] Gordon[,]" although Jones was alluded to several times during the trial; (6) that trial counsel was ineffective for making remarks during voir dire, counsel was "fact qualifying" for the jury, and trial counsel showed hostility toward Gordon's "case in chief during [v]oir [d]ire"; (7) and that trial counsel was ineffective for failing to object to improper jury instructions. The trial court denied the petition without an evidentiary hearing, noting that the record demonstrated that the petition failed to allege explicit grounds for postconviction relief.[1] We affirm.
Standard of Review
This court reviews the trial court's decision on Rule 37.1 petitions for clear error. Russell v. State , 2017 Ark. 174, 518 S.W.3d 674. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the totality of the evidence, is left with the definite and firm conviction that a mistake has been committed. Polivka v. State , 2010 Ark. 152, 362 S.W.3d 918.
Procedural History
Gordon was convicted of capital murder and criminal attempt to commit capital murder, for which he was sentenced as a habitual offender to life imprisonment without parole and life imprisonment, respectively, with enhancements for using a firearm and committing the offenses in the presence of a child. Gordon v. State , 2015 Ark. 344, 470 S.W.3d 673. His attorney, Patrick Benca, filed a no-merit brief pursuant to Arkansas Supreme Court Rule 4-3(k) and Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting no nonfrivolous issues for appeal, as well as filing a motion to withdraw as counsel. Gordon filed pro se points for reversal. After the State responded and certified that all adverse rulings were included in appellant's brief and stated that there were no other issues that involved potentially prejudicial error to Gordon, we reviewed the record, briefs, and pro se points, and affirmed the convictions and granted counsel's motion to withdraw. Gordon , 2015 Ark. 344, 470 S.W.3d 673.
The evidence presented at trial, briefly summarized, included that this was a murder-for-hire case. According to Gordon's statement to police, Gordon was hired by Danny Brown to kill Edwina Martin, Brown's ex-girlfriend and mother of his children.[2] Gordon and Quentin Jones,[3] waited for Martin outside her mother's apartment, and when Martin and her boyfriend, Daniel Hill, arrived, Gordon and Jones followed them into the apartment, where Martin's mother and ten-year-old nephew were present. Once inside, Gordon shot Martin, at which point Hill tackled Gordon and took the gun away. Jones then *591 shot Hill in the head. Hill died and Martin survived gunshot wounds to her chest and hip. Gordon was paid $250 before the shooting and was to later receive a 2002 Chevrolet Suburban and an additional $220. Walmart video-surveillance cameras and phone records confirmed that Gordon had been in contact with Brown. Both Martin and her nephew identified Gordon from photographic lineups as the shooter. Trial counsel's defense strategy "was to convince the jury that Gordon was not guilty of capital murder but, instead, of first- or second-degree murder." Gordon , 2015 Ark. 344, at 3, 470 S.W.3d at 675.
Ineffective Assistance of Counsel
Our standard for ineffective-assistance-of-counsel claims is the two-prong analysis set forth in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Rasul v. State , 2015 Ark. 118, 458 S.W.3d 722. The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland , 466 U.S. at 686, 104 S.Ct. 2052. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. Van Winkle v. State , 2016 Ark. 98, 486 S.W.3d 778. Unless a petitioner makes both showings, the allegations do not meet the benchmark on review for granting relief on a claim of ineffective assistance. Houghton v. State , 2015 Ark. 252, 464 S.W.3d 922.
To satisfy the first prong of the Strickland test, the petitioner must show that counsel's performance was deficient by a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. Van Winkle , 2016 Ark. 98, 486 S.W.3d 778. Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. Henington v. State , 2012 Ark. 181, 403 S.W.3d 55. A petitioner has the burden of overcoming the presumption that counsel is effective by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. Id.
To satisfy the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. Van Winkle , 2016 Ark. 98, 486 S.W.3d 778. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id. The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in the sentencing. Id.
Unless a petitioner makes both required showings under the Strickland analysis, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. Id. Therefore, there is no reason for a court to address both components of the inquiry if the petitioner fails to make a sufficient showing on one. Id.
I. Motion to Suppress Custodial Statement
For his first point on appeal, Gordon argues that trial counsel was ineffective for failing to object and file a motion to suppress his "Miranda rights form and custodial statement in violation of [his] [F]ifth and Sixth Amendment Rights to the United States Constitution and Rule *592 4.5 (Limitation on Questioning), of the Arkansas Rules of Criminal Procedure." He further argues that being "identified by two eye witnesses is a point that is irrelevant and should not have been considered [because he] does not contest being at the scene or even committing the crime." Gordon contends he was entitled to an evidentiary hearing to prove his claims and prejudice.[4]
A petitioner seeking postconviction relief on a claim of ineffective assistance that is based on a failure to make a motion or objection must show that counsel could have made a successful argument in order to demonstrate the prejudice required under the Strickland test. See Greene v. State , 356 Ark. 59, 146 S.W.3d 871 (2004). Failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. Id.
Here, although Gordon contends that the recording of his custodial interview was stopped at his request because he invoked his right to remain silent, the record from the direct appeal indicates otherwise.[5] Prior to the recording being stopped for the first time, Detective John White and Detective DeWanna Phillips confirmed Gordon's basic information, that he had been read his Miranda rights, that he was able to read and write, that he had not been threatened or promised anything, that he could stop the interview at any point, and that he had signed the waiver form.[6] After confirming this information, Detective White asked Gordon, "You saying you don't want to record it now?" Gordon responded by stating, "I don't want it recorded." Detective White turned off the recording, and after a few minutes, the second recording was made. Detective White acknowledged on the second recording that they took a break from recording because Gordon had concerns about the safety of his family and that Gordon wished the interview "would be sealed until ... [p]eople were picked up." These recordings were played at trial.
The trial court found that there was no evidence in the record to suggest that Gordon was not properly advised of his rights or that he did not give a knowing and intelligent waiver of those rights. The trial court further found that Gordon's argument disregarded that two eyewitnesses had identified him, and that he was not entitled to relief.
*593 Here, the record demonstrates that Gordon admitted he committed the offenses, and the eyewitness testimony confirmed that he committed the offenses notwithstanding the admission of his statements. The record further demonstrates that Gordon did not invoke his right to remain silent. Gordon simply requested that his statement not be recorded at that time, which does not rise to the level of an invocation of his right to remain silent. See Sykes v. State , 2009 Ark. 522, 357 S.W.3d 882 (The right to remain silent must be made unequivocally.); see also Standridge v. State , 329 Ark. 473, 951 S.W.2d 299 (1997) (defendant stating that he was not ready to talk but then immediately continued to answer questions of the police officers was not invocation of right to remain silent). Further, failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. Greene , 356 Ark. 59, 146 S.W.3d 871. Therefore, based on the discussion above, we do not find merit in Gordon's argument and affirm the circuit court.
II. Pretrial Investigation
For his second point on appeal, Gordon asserts that his trial counsel was ineffective for failing to conduct an adequate pretrial investigation. A petitioner under Rule 37.1 who alleges ineffective assistance of counsel for failure to perform an adequate investigation must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific material that would have been uncovered with further investigation could have changed the outcome of the trial. Young v. State , 2015 Ark. 65, 2015 WL 854754. Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption and cannot provide a basis for postconviction relief. Wertz v. State , 2014 Ark. 240, 434 S.W.3d 895. General assertions that counsel did not aggressively prepare for trial are not sufficient to establish a claim of ineffective assistance of counsel. Id.
On appeal, Gordon argues that trial counsel was ineffective for failing to properly and fully investigate the circumstances of his case. Specifically, he argues that trial counsel should have known that "former co-defendant Danny Brown and Quenton Jones was [sic] never involved in this crime, therefore fully putting to the test the Capital Murder charges against Appellant Ivor Gordon." He further argues that counsel did not challenge credibility issues regarding Martin and Brown, did not question their marriage, and failed to "demonstrate that an employer never existed."
Gordon has enlarged on and embellished many of his allegations contained in his Rule 37.1 petition, including his claims regarding trial counsel's failure to conduct a proper pretrial investigation. In his Rule 37.1 petition, Gordon simply argued that trial counsel was ineffective for failing to adequately conduct a pretrial investigation. To the extent Gordon has added factual substantiation to his arguments, we are precluded from addressing them on appeal. Woods v. State , 342 Ark. 89, 27 S.W.3d 367 (2000). An appellant in a Rule 37.1 proceeding is limited to the scope and nature of his or her arguments below, and he or she cannot raise new arguments on appeal. Tester v. State , 342 Ark. 549, 30 S.W.3d 99 (2000).
With regard to Gordon's claim that trial counsel failed to conduct an adequate pretrial investigation, the claim was conclusory and lacked the factual substantiation necessary to overcome the presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and this argument *594 could not provide a basis for postconviction relief. Wertz , 2014 Ark. 240, 434 S.W.3d 895. Gordon arguably did raise the issue of the marriage between Martin and Brown when he argued that trial counsel was ineffective for failing to interview or call witnesses in his Rule 37.1 petition, yet the allegation is conclusory at best. Gordon makes no allegation as to how that information would have changed the outcome of his trial or how he was prejudiced by counsel's failure to further conduct any pretrial investigation. Wertz , 2014 Ark. 240, 434 S.W.3d 895. Conclusory allegations that are unsupported by facts do not provide a basis for either an evidentiary hearing or postconviction relief. Henington v. State , 2012 Ark. 181, 403 S.W.3d 55. Therefore, we do not find merit in Gordon's argument and affirm the circuit court.
III. Failure to Interview Witnesses and Codefendants
For his third point on appeal, Gordon contends that his trial counsel was ineffective when he failed to interview witnesses and codefendants. Regarding trial counsel's decision whether to interview or call a witness, such matters are generally trial strategy and outside the purview of Rule 37.1. Wertz , 2014 Ark. 240, 434 S.W.3d 895. Where a petitioner alleges ineffective assistance of counsel for failure to interview or call a witness, it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. Id. In order to demonstrate prejudice, the petitioner is required to establish that there was a reasonable probability that, had counsel performed further investigation and presented the witness, the outcome of the trial would have been different. Id. When assessing counsel's decision not to call a particular witness, we must take into account that the decision is largely a matter of professional judgment, and the fact that there was a witness or witnesses who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. Noel v. State , 342 Ark. 35, 26 S.W.3d 123 (2000).
In his petition, Gordon alleged that his trial counsel was ineffective for failing to interview witnesses and codefendants. Specifically, Gordon contends that had counsel interviewed Jones, his codefendant, counsel would have determined that Jones was innocent and that Jones pleaded guilty only because Gordon threatened Jones, which "disprove[es] the State's case-in-chief of a premeditated murder for hire." Further, in his Rule 37.1 petition, Gordon argued that trial counsel was ineffective for failing to support his theory of defense because he failed to interview witnesses, and look into statements and notes that were a part of the record. Gordon further argued below that trial counsel was ineffective for failing to call or interview Danny Brown, Quentin Jones, and T. Brown, and counsel's failure to "test the [S]tate's case in this fashion left [Gordon] without a defense to Capital Murder."
Here, Gordon failed to provide a summary of the witnesses' testimony and establish that the testimony would have been admissible. See Wertz , 2014 Ark. 240, 434 S.W.3d 895. Gordon has failed to demonstrate that had counsel performed any further investigation and presented the witness or witnesses, the outcome of the trial would have been different. Further, Gordon has gone beyond the scope of his argument made below. An appellant is limited to the scope and nature of the arguments made below, and he or she cannot raise new arguments on appeal or add factual substantiation to the allegations made below.
*595 Woods , 342 Ark. 89, 27 S.W.3d 367. We affirm the circuit court on this point.
IV. Failure to Call Witness to Testify at Trial
For his fourth point on appeal, Gordon contends that his trial counsel was ineffective by not calling witnesses to testify at trial. Gordon contends that trial counsel was ineffective for not introducing Jones, a codefendant, as a possible witness to the jury, which precluded Jones from being called as a witness. The trial court found that Gordon failed to provide any information as to the testimony Jones would offer and that the decision to call a witness was a matter of trial strategy.
At trial, Gordon's trial counsel admitted that Gordon and Jones had shot the victims and did not challenge the sufficiency of the evidence. Gordon , 2015 Ark. 344, 470 S.W.3d 673. The defense strategy was to convince the jury that Gordon was not guilty of capital murder but, instead, of first- or second-degree murder. Id. From a review of the record, the colloquy that ensued regarding Jones as a witness focused on the fact that Jones was not introduced to the jury during voir dire as a potential witness and that the purpose in calling him would be to "corroborate" Gordon's custodial statement. Jones's testimony would not have been used to refute evidence of the offenses but rather to bolster Gordon's statement. Further, even if counsel had been deficient by failing to introduce Jones as a witness to the jury during voir dire, Gordon fails to demonstrate he was prejudiced by the inability to call a witness to corroborate his own custodial statement. Moreover, Gordon fails to provide a summary of Jones's testimony or to show that it would have been otherwise admissible had Jones been permitted to testify. See Wertz , 2014 Ark. 240, 434 S.W.3d 895. Accordingly, Gordon has failed to establish that there was a reasonable probability that, had trial counsel properly introduced Jones as a witness to the jury, the outcome of the trial would have been different. Van Winkle , 2016 Ark. 98, 486 S.W.3d 778.
V. Fact Qualifying During Closing Argument Demonstrating Hostility Toward the Defendant
For his fifth point on appeal, Gordon contends that his trial counsel was ineffective by fact qualifying during closing arguments, demonstrating hostility toward Gordon. Gordon contends that trial counsel "professed guilt to the jury before the jury retired for deliberations[ ]" and that counsel bolstered the State's theory of its case-in-chief. Gordon argued in his petition below that trial counsel was ineffective for "fact qualifying" for the jury and for his "remarks during [v]oir [d]ire." Gordon also argued in his petition that counsel showed hostility toward "Gordon's case-in-chief during [v]oir [d]ire."
While Gordon's arguments on appeal are similar to the arguments made in the petition, Gordon has clearly changed the scope of his arguments, including both his claims for "fact qualifying" and hostility, from making the claims with regard to counsel's ineffective assistance during voir dire to counsel's ineffective assistance during closing argument. As discussed above, an appellant in a Rule 37.1 proceeding is limited to the scope and nature of his arguments below, and he or she cannot raise new arguments on appeal. Tester , 342 Ark. 549, 30 S.W.3d 99. Gordon has failed to demonstrate that he was entitled to an evidentiary hearing or postconviction relief. Henington , 2012 Ark. 181, 403 S.W.3d 55. We do not find merit in Gordon's argument and affirm the circuit court.
*596 VI. Denial of Evidentiary Hearing
Finally, Gordon contends that he is entitled to an evidentiary hearing to prove each of his claims. Arkansas Rule of Criminal Procedure 37.3 requires an evidentiary hearing in a postconviction proceeding unless the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief. Van Winkle , 2016 Ark. 98, 486 S.W.3d 778. If the petition and record conclusively show that the petitioner is not entitled to relief, the circuit court is required to make written findings to that effect, "specifying any parts of the files, or records that are relied upon to sustain the courts findings." Id. (quoting Ark. R. Crim. P. 37.3(a) ). Here, the petition and record conclusively showed that Gordon was entitled to no relief, and the circuit court made the requisite findings. For the above-stated reasons, we affirm the circuit court's denial of Gordon's petition for postconviction relief without an evidentiary hearing.
Affirmed.

The trial court specifically ruled that it was considering only the grounds raised in the original Rule 37.1 petition because an amended Rule 37.1 petition filed by Gordon was filed without leave of court.

Brown subsequently married Martin before the trial and charges were nolle prossed against Brown.

Quentin Vernard Jones, Gordon's codefendant, pleaded guilty to first-degree murder, criminal attempt to commit first-degree murder, a firearm enhancement, and an enhancement because the crime was committed in the presence of a child. Jones v. State , 2016 Ark. 304, 498 S.W.3d 720.

Gordon also argues that he should not have been deprived of his right to refrain from answering further inquiries until he had consulted with an attorney. Although Gordon appears to use the two invocations of rights-the right to remain silent and the right to counsel-interchangeably, he does not make any further reference to invoking his right to counsel. See Robinson v. State , 373 Ark. 305, 283 S.W.3d 558 (2008) (noting there is no distinction between the right to counsel and the right to remain silent with respect to the manner in which it must be effected).

We may take judicial notice of the record from the direct appeal without need to supplement the record. Anderson v. State , 2011 Ark. 488, 385 S.W.3d 783.

Gordon references testimony given by Detective White during his trial and Exhibits 6 and 7, which are CDs containing audio recordings of Gordon's custodial statements. Exhibit 8 is a transcript of Gordon's confession after the recording was resumed, which was initially included in the direct appeal record in case no. CR-13-775. A writ of certiorari was granted to settle the record on October 4, 2014, in case no. CR-13-775, and a supplemental record was filed including both transcripts that were published to the jury that accompanied both recordings of Gordon's statements as well as a copy of a CD that contained both recordings. A writ of certiorari to complete the record was granted on November 6, 2014, in CR-13-775, and a supplemental record was filed on November 18, 2014, including a transcript of the second recording.