Cite as 2020 Ark. 16

# SUPREME COURT OF ARKANSAS

**No.** CR-78-165

| | |
|---|---|
| MARLON GLENN HALLMAN<br>PETITIONER | **Opinion Delivered:** January 16, 2020 |
| V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION UNDER CRIMINAL PROCEDURE RULE 37.1 [PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION, NO. 60CR-77-1944] |
| | PETITION DENIED. |

**COURTNEY RAE HUDSON, Associate Justice**

Petitioner Marlon Glenn Hallman asks this court for permission to proceed in the trial court with a petition under Arkansas Rule of Criminal Procedure 37.1 (Repl. 1977) in which he would challenge a 1978 judgment that reflects his sentence of life imprisonment without parole for capital murder and twenty years for kidnapping. He fails to set out a meritorious basis for relief under the Rule, and we therefore deny the petition.

Hallman and his codefendant, Tywanna Faye Martin, were both convicted on the same charges in the matter and received the same sentences. The two defendants filed a joint appeal, and this court affirmed the judgment. *Hallman v. State*, 264 Ark. 900, 575 S.W.2d 688 (1979). In a previous petition that Hallman filed in this court, one in which he sought permission to pursue a petition for writ of error coram nobis, he questioned the legality of

the kidnapping sentence. In that decision, we set aside the kidnapping conviction as void. *Hallman v. State*, 2018 Ark. 336, 561 S.W.3d 305.

The Rules of Criminal Procedure provide that petitioners with judgments entered before July 1, 1989, that have been affirmed on appeal, must obtain leave from this court before filing a postconviction petition in the trial court.[1] Ark. R. Crim. P. 37.2(a) (1987); *see also Munnerlyn v. State*, 2018 Ark. 161, 545 S.W.3d 207. A petition filed under the Rule is untimely if not filed within three years of the date of commitment unless the petitioner states some ground for relief that, if found meritorious, would render the judgment of conviction absolutely void. Ark. R. Crim. P. 37.2(c) (adopted December 18, 1978, by *In re Rules of Criminal Procedure Rule 37.2 Commencement of Proceedings; Pleadings; Permission of Supreme Court Following Appeal*, 264 Ark. 967 (1978) (per curiam)).[2]

A ground sufficient to void a conviction must be one so basic that the judgment is a complete nullity, such as a judgment obtained in a court without jurisdiction to try the accused or a judgment that imposes an illegal sentence when obtained in violation of the provisions against double jeopardy. *See Travis v. State*, 286 Ark. 26, 688 S.W.2d 935 (1985).

---

[1]Rule 37 of the Arkansas Rules of Criminal Procedure was abolished by this court effective July 1, 1989. *In re Abolishment of Rule 37 & Revision of Rule 36 of the Ark. Rules of Criminal Procedure*, 299 Ark. 573, 770 S.W.2d 148 (1989) (per curiam). Rule 37 was reinstated in a revised form on January 1, 1991. *In re Reinstatement of Rule 37 of the Ark. Rules of Criminal Procedure*, 303 Ark. 746, 797 S.W.2d 458 (1990) (per curiam). The revised rule does not require the petitioner to obtain leave from this court to file a postconviction petition in the trial court.

[2]Hallman does not contest application of Rule 37.2(c), and he contends that the convictions are void. As the State notes in its response, this court has found that the time restriction may be applicable to judgments entered prior to its adoption. *Scott v. State*, 267 Ark. 536, 592 S.W.2d 122 (1980) (per curiam); *Rogers v. State*, 265 Ark. 945, 582 S.W.2d 7 (1979).

Issues not sufficient to void the conviction are waived even though they are of constitutional dimension. *Id.* The burden is on the petitioner to demonstrate that the judgment entered was a nullity. *Id.* The presumption that a criminal judgment is final is at its strongest in collateral attacks on the judgment. *Id.*

Hallman alleges seven bases for grounds for Rule 37 relief, all framed as claims of ineffective assistance of counsel. Four of Hallman's listed bases for postconviction relief concern the separate charge of kidnapping that this court previously declared void in that Hallman alleges counsel failed to object to the separate charge of kidnapping, the jury instructions for a conviction on it, his sentencing, and the trial court's lack of jurisdiction in that regard. While those claims incorporate a challenge to the separate kidnapping sentence alleging that the separate kidnapping conviction is void, Hallman has already received his relief for the illegal sentence. *See Hallman*, 2018 Ark. 336, 561 S.W.3d 305. Those issues are moot.

Hallman proposes three additional bases for relief related to his murder conviction. He alleges that counsel was ineffective for failing to investigate a defense that challenged the kidnapping charge as the underlying foundation for the capital–murder charge; for failing to obtain a statement from the victim's brother, Raymond Polk, who provided an affidavit that Hallman attached to his Rule 37 petition; and for failing to object to the judgment not being signed by the judge.

A claim of ineffective assistance of counsel alone is not a claim sufficient to void the judgment. *See Travis*, 286 Ark. 26, 688 S.W.2d 935. The prejudice required to support such claims need not rise to the level of voiding the judgment. *See Maiden v. State*, 2019 Ark.

3

198, 575 S.W.3d 120 (recognizing that the standard for ineffective-assistance claims requires a showing that the petitioner was deprived of a fair trial). Hallman's claims that counsel failed to investigate or obtain a statement from Polk would not void the judgment, and the appropriate remedy for the type of error that Hallman alleges in those two claims is a new trial.[3] *See State v. Harrison*, 2012 Ark. 198, 404 S.W.3d 830 (affirming grant of postconviction relief in the form of a new trial based on ineffective assistance of counsel for a failure to investigate).

In Hallman's final claim that counsel was ineffective, he alleges that the judgment entered should have been void as to the murder conviction because it was not signed by the judge. He does not, however, demonstrate that the judgment was not in fact signed by the judge. The copy of the judgment that he attaches to his petition appears to be a photocopy

---

[3]We note that Hallman also fails to demonstrate sufficient prejudice for these two claims even under the lower standard for ineffective-assistance-of-counsel claims. A petitioner under Rule 37.1 who alleges ineffective assistance of counsel for failure to perform an adequate investigation must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific material that would have been uncovered with further investigation could have changed the outcome of the trial. *Gordon v. State*, 2018 Ark. 73, 539 S.W.3d 586. Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective and cannot provide a basis for postconviction relief. *Id.* General assertions that counsel did not aggressively prepare for trial are not sufficient to establish a claim of ineffective assistance of counsel. *Id.* The only evidence that Hallman asserted counsel may have uncovered by further investigation was Polk's new statement. Yet Polk testified at trial, and that testimony contradicts the statements in his 2019 affidavit. Hallman does not therefore demonstrate that counsel would have uncovered any additional evidence if he had conducted further investigation before trial. Moreover, even if Polk had testified consistently with his affidavit that he saw the victim willingly get into the car with Hallman and his codefendants, it was not likely that the testimony would have resulted in a different outcome. Another witness testified that she saw the victim later and that when she saw him, the victim was held in the car at gunpoint. Hallman's own statement admitted at trial also confirmed that the victim was held at gunpoint at that time.

of the copy that was provided to this court with the certified record on appeal. The certified copy, which is not a photocopy, clearly indicates that a signature appeared above the line for the circuit judge's signature through a notation using the abbreviation "/s/" and the judge's name.

Moreover, Hallman does not demonstrate that such an error would void the judgment. The trial court still has the authority to enter an order nunc pro tunc to make effective the judgment and sentence that was pronounced in open court in 1978. *See Ainsworth v. State*, 367 Ark. 353, 240 S.W.3d 105 (2006) (holding that when no judgment had been entered within the time required by statute, the charges against the appellant were not invalid, the sentence was not void, and the trial court had the authority to enter a nunc pro tunc judgment to cause the record to speak the truth); *see also Lukach v. State*, 2018 Ark. 208, 548 S.W.3d 310 (holding that a challenge to the imposition of the sentences rather than the validity of the sentences was not a jurisdictional issue that would be sufficient to void the judgment). Because Hallman fails to set forth meritorious grounds for postconviction relief under the Rule that may be included in the proposed petition, there is no need to reinvest jurisdiction in the trial court.

Petition denied.

*Marlon G. Hallman*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for respondent.

5