Roy Lee SMITH, Appellant

v.

STATE of Arkansas, Appellee.

No. CA CR 10–265.

Court of Appeals of Arkansas.

Feb. 9, 2011.

Jason P. Kearney, Fayetteville, for appellant.

Lauren Elizabeth Heil, Little Rock, for appellee.

WAYMOND M. BROWN, Judge.

An Arkansas County jury found Roy Lee Smith guilty of a number of drug crimes and sentenced him to 160 years' imprisonment plus a $25,000 fine. He challenges the sufficiency of the evidence to support convictions for possession of cocaine with intent to deliver and unauthorized use of property to facilitate a crime. He also appeals from the denial of his motions to suppress the fruits of a search and for a continuance. None of Smith's points have merit. Accordingly, we affirm.

*Background*

On February 2, 2007, Smith's apartment was searched pursuant to a warrant issued twenty-five days prior. To obtain the search warrant, Special Agent David Chastain of the Arkansas State Police alleged as follows:

A reliable confidential informant (hereinafter referred to as "CI") has indicated to the undersigned that on at least two (2) occasions in the past 96 hours, the CI has observed controlled substances at what is believed to be the residence of Roy Lee Smith, Apartment 8, 1009 East 9th Street in the City of Stuttgart, County of Arkansas, State of Arkansas. On one of these occasions, the CI observed both a quantity of powder cocaine and marijuana and on the other occasion, marijuana. The CI states that the occupant regularly has both cocaine and marijuana available for sale from this residence. Roy Lee Smith has prior convictions for Theft of Property, Forgery and Delivery of Controlled Substance (Cocaine) and is believed to still be on parole on the controlled substance violations which originally led to a 25 year sentence in the Arkansas Department of Corrections.

The apartment where Smith lives faces south, is the easternmost unit of the building located at 1009 East 9th Street, is on the second, or top, floor of the building, and has the numeral "8" on the door. This apartment building is the first structure west of the intersection of Park Avenue and East 9th and is located on the north side of East 9th.

The CI has made a number of controlled buys while working for the affiant and applications for search warrants are pending in one case involving the CI while another warrant based upon the efforts of the CI has been issued and executed and resulted in the seizure of a quantity of crack cocaine and the arrest of a number of individuals whose charges are now pending trial. Intelligence developed by the undersigned as well as other law enforcement agencies operating in Stuttgart and Arkansas County which has been shared with the undersigned substantiates the information from the CI concerning information about the regular involvement of Roy Lee Smith in the possession and delivery of controlled substances in Arkansas County.

The search yielded one clear plastic bag containing crack cocaine and a smaller bag containing powder cocaine, both found in the trunk of a 2000 Buick parked near Smith's apartment; a plastic bowl containing marijuana, found in Smith's bedroom; and $987 in cash, found on a dresser next to a utility bill and cards bearing Smith's name.

At a pretrial hearing, Smith moved to suppress the fruits of the search, arguing

that there was insufficient information concerning the reliability of the confidential informant, that the time frame for the observations made by the informant were uncertain, and that the warrant was stale. The court denied that motion.

Before trial, Smith stated that he was ready for trial, except that there was one witness who was not there. Smith explained that he looked for the witness but was unable to find him. Counsel also explained that the Sheriff's office, the police department, and a process server were also unable to find this witness, and the deputy prosecutor added that he gave counsel every address he had available for the witness. Counsel asked for a continuance based upon the unavailability of that witness, and the court denied the motion.

For the purposes of this appeal, only information regarding the cocaine found in the car is relevant. The State's witnesses testified as follows. Smith was the only person in the apartment when police arrived with the search warrant. Captain Dean Mannis of the Tri–County Drug Task Force searched the Buick where the cocaine was found. The Buick was registered in the names Lois Small (Smith's mother) and Roy Smith. On a rental application for the apartment, the Buick is listed as his, but it is crossed out and has the notation "will leave at mother's." The keys to the car were in Smith's apartment, and several police officers testified that they saw Smith driving around town in the car. The cocaine was found in the trunk wrapped inside a pair of boxers.

At the end of the State's case, Smith moved for directed verdict on the charge of possession of the crack cocaine. He argued that the State failed to prove that he had control of the crack or even knew it was present in the car. The court denied the motion. Smith then called his girlfriend, who denied ever seeing any controlled substances in his apartment. She also testified that the money found in the apartment was from her federal income tax refund.

Smith renewed his motion for directed verdict, which was again denied. The jury then deliberated and found Smith guilty of possession of a controlled substance with intent to deliver, possession of marijuana with intent to deliver, and unauthorized use of property to facilitate a crime. With a sentencing enhancement for possessing drugs with intent to deliver within one thousand feet of a school, he was sentenced to a total of 160 years in the Arkansas Department of Correction and fined $25,000.

## Sufficiency of the Evidence

Smith challenges the sufficiency of the evidence to support the convictions for possession of a controlled substance with intent to deliver and unauthorized use of property to facilitate certain crimes. For the possession conviction, he contends that the State failed to show that he exercised control and care of the drugs found in the trunk of the Buick. For the unauthorized-use conviction, he asserts that the State failed to connect him to any of the marijuana or cash found in his apartment.

Though they are listed as his third and fourth points in his brief, we address challenges to the sufficiency of the evidence before addressing any other argument on appeal.[1] When considering a challenge to the sufficiency of the evidence to support a conviction, we consider the evidence in the light most favorable to the State, considering only the evidence in favor of the guilty verdict, and affirm if the conviction is supported by substantial evi-

1. *Morgan v. State,* 2009 Ark. 257, 308 S.W.3d 147.

dence.[2] Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture.[3] We make no distinction between circumstantial and direct evidence when reviewing for sufficiency of the evidence.[4] But for circumstantial evidence to be sufficient, it must exclude every other reasonable hypothesis consistent with innocence.[5] The question of whether it does is for the trier of fact to decide.[6]

In arguing that the State failed to show that he possessed the crack cocaine found in his car, Smith contends that there was conflicting testimony as to whether he owned the car, that there were no fingerprints found on the package, and that the car was registered to another person. He asserts that the evidence supporting the conviction was insufficient to establish the conviction, given that no one who testified at trial saw him in actual possession of the drugs or testified as to how recently they saw him drive the automobile.

■ It is not necessary for the State to prove literal physical possession of contraband; constructive possession is sufficient.[7] To prove constructive possession, the State had to show |₆that Smith exercised care, control, and management over the contraband.[8] Constructive possession can be implied where the contraband was found in a place immediately and exclusively accessible to the accused and subject to his control.[9] It may also be established by circumstantial evidence.[10]

■ Here, the circumstantial evidence supports a finding that Smith constructively possessed the cocaine. Though the car was registered jointly in his and his mother's name, the car was parked in front of his apartment, and the keys were found inside his apartment. On a rental application, he claimed the car as his own. And officers saw him drive the car on multiple occasions. This is substantial evidence that he exercised care, control, and management over the car and the contents therein, including the cocaine. We affirm on this point.

■ As for Smith's conviction for unauthorized use of property, we do not reach the merits of his argument because he failed to preserve the point for appellate review. Smith moved to dismiss in the time and manner directed by Arkansas Rule of Criminal Procedure 33.1(b) and (c), but he made no argument on this charge. Parties are bound on appeal by the scope and nature of the objections presented at trial,[11] and his only arguments at trial went to the possession of cocaine. We are procedurally barred from considering this point.

|₇*Search Warrant*

Next, Smith makes three arguments regarding his motion to suppress the items seized pursuant to the search warrant.

2. *Mitchem v. State*, 96 Ark. App. 78, 238 S.W.3d 623 (2006).

3. *Baughman v. State*, 353 Ark. 1, 110 S.W.3d 740 (2003).

4. *Booker v. State*, 335 Ark. 316, 984 S.W.2d 16 (1998).

5. *Id.*

6. *Phillips v. State*, 88 Ark. App. 17, 194 S.W.3d 222 (2004).

7. *Polk v. State*, 348 Ark. 446, 73 S.W.3d 609 (2002).

8. *Id.*

9. *Id.*

10. *Id.*

11. *Abshure v. State*, 79 Ark. App. 317, 87 S.W.3d 822 (2002).

First, he argues that the affidavit for the search warrant lacked a reference to the time the criminal activity was observed. Second, he contends that the affidavit lacked sufficient facts from which a magistrate could establish the confidential informant's veracity. Finally, he asserts that the search warrant was stale.

When reviewing the denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the trial court.[12] Issues regarding the credibility of witnesses testifying at a suppression hearing are within the province of the circuit court.[13] Any conflicts in the testimony are for the trial court to resolve, as it is in a superior position to determine the credibility of the witnesses.[14] We reverse a ruling on a motion to suppress only if that ruling is clearly against the preponderance of the evidence.[15]

In his brief, Smith correctly notes that we reverse where an accumulation of errors, though each one individually insignificant, would warrant a finding that the State made no effort to comply with the rules of criminal procedure.[16] But we hold

that none of Smith's allegations of error have merit.

First, the affidavit for the search warrant contained a reference to time. A time reference must be included in the affidavit supporting a search warrant.[17] And the reference in this affidavit was "on at least two (2) occasions in the past 96 hours." Smith argues that this reference is insufficient because the contraband was known to be readily destroyable or easily relocated, but the affidavit contained facts which could lead an issuing magistrate to believe that drugs were still in the apartment. Our supreme court has recognized selling illegal drugs and alcohol as "types of ongoing criminal activity that is considered protracted or continuous."[18] We have elaborated:

> Although it is reasonable to imply that probable cause dwindles rather quickly with the passage of time in cases where the affidavit recites a mere isolated violation, the passage of time becomes less significant where the affidavit recites facts indicating activity of a protracted and continuous nature, i.e., a course of conduct.[19]

Second, the search warrant contained sufficient facts to establish the reliability of the confidential informant. An affidavit based in whole or in part on hearsay testimony must set forth particu-

12. *Davis v. State*, 351 Ark. 406, 94 S.W.3d 892 (2003).

13. *Stokes v. State*, 375 Ark. 394, 291 S.W.3d 155 (2009).

14. *Id.*

15. *Yarbrough v. State*, 370 Ark. 31, 257 S.W.3d 50 (2007).

16. *See Harris v. State*, 264 Ark. 391, 572 S.W.2d 389 (1978); *see also Dillon v. State*, 311 Ark. 529, 844 S.W.2d 944 (1993) (reversing a conviction and remanding for a new trial when a cumulative effect of improper

statements made by prosecutor in cross-examination prejudiced defendant and denied him fair trial).

17. *Wagner v. State*, 2010 Ark. 389, 368 S.W.3d 914.

18. *Ilo v. State*, 350 Ark. 138, 149, 85 S.W.3d 542, 549 (2002).

19. *Wilson v. State*, 88 Ark. App. 158, 164–65, 196 S.W.3d 511, 515 (2004) (citing *Ilo*, supra).

lar facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained.[20] There is no fixed formula for determinating an informant's reliability, but factors to be considered in making such a determining include whether the informant's statements are (1) incriminating, (2) based on personal observations of recent criminal activity, and (3) corroborated by other information.[21] Here, information from this particular confidential informant had been used in other cases. The observations were of recent criminal activity, and they were corroborated by investigations from Stuttgart and Arkansas County law enforcement officers. The affidavit contained more than just a conclusory statement, as Smith claims.

██ Finally, the warrant itself was not stale. Our rules of criminal procedure require a search warrant to be executed within a reasonable time, not to exceed sixty days.[22] In *Gilbert v. State*,[23] our supreme court held that a warrant executed forty-six days after its issuance had not become stale. In so holding, that court explained:

> Although the question of whether information in a search warrant can go stale before its execution is an issue this court has not yet addressed, Arkansas case law has decided whether such information can become stale before the warrant is issued. For the most part, these cases hold that a delay in applying for a warrant can diminish probable cause, but that the delay is "not considered separately, [and] the length of the delay is considered together with the nature of

the unlawful activity and in the light of common sense."

Moreover, the Arkansas Court of Appeals has held that when the criminal activity is "of a continuing nature," an issuing magistrate may utilize his or her common sense regarding the relative staleness of the information on which the warrant is sought.[24]

As we have already stated, drug dealing is a crime of a continuous and protracted nature. Not only were drugs observed in Smith's home within ninety-six hours of the swearing of the affidavit, the confidential informant told police that Smith regularly sold drugs, and the police had independent information that Smith sold drugs. Under these facts, the trial court did not err in refusing to find the search warrant stale at the time of its execution.

In short, Smith has failed to persuade us that there was any defect in the application for the search warrant or the warrant's execution. The circuit court did not err in denying Smith's motion to suppress, and we affirm on this point.

## Continuance

Finally, Smith argues that the trial court erred in refusing to grant his request for a continuance to allow for more time to secure the missing witness. In his brief, Smith claimed that this witness would have testified that he saw the vehicle's trunk open with no one near it about one month before the police executed the search warrant. He claims that the trial court did not allow him to expound on the materiality of his missing witness and that the failure to do so prejudiced him.

20. Ark. R.Crim. P. 13.1(b).

21. *Morgan v. State,* 2009 Ark. 257, 308 S.W.3d 147.

22. Ark. R.Crim. P. 13.2(c).

23. 341 Ark. 601, 19 S.W.3d 595 (2000).

24. *Id.* at 605, 19 S.W.3d at 598 (citations omitted).

A motion for a continuance should be granted only upon a showing of good cause.[25] When considering a motion for continuance based upon a missing witness, a court should consider (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the attendance of the witness in the event of a postponement; and (4) the filing of an affidavit, stating not only what facts the witness would prove but also that the appellant believes them to be true.[26] The decision to grant or deny a continuance lies within the discretion of the trial court, and this court is not to reverse that decision absent an abuse of discretion.[27] An appellant must also show prejudice that amounts to a denial of justice.[28]

We cannot say that the trial court abused its discretion in denying the motion for continuance. Arguably, remarks from Smith and counsel show that they did exercise some diligence in attempting to locate the missing witness. But Smith made his motion just before trial was set to begin (as opposed to days before), and there is nothing in the record to suggest that Smith or the attorney would have been able to procure the missing witness's testimony. Finally, both Smith and his attorney stated before the court that they were otherwise ready for trial. Under these facts, we affirm the denial of the motion for continuance.

Affirmed.

GLADWIN and HOOFMAN, JJ., agree.

---

**25.** Ark. R.Crim. P. 27.3.

**26.** *Stenhouse v. State,* 362 Ark. 480, 209 S.W.3d 352 (2005).

