SLIP OPINION

Cite as 2015 Ark. 165

# SUPREME COURT OF ARKANSAS

No. CR–12–487

| | | |
|---|---|---|
| ROY SMITH | | **Opinion Delivered** April 16, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT [NO. CR–2007-54] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE DAVID G. HENRY, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

This case involves an appeal from a denied petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37.1. Appeals from denied Rule 37 petitions are assigned to this court by the text of the Rule itself. *See* Ark. R. Crim. P. 37.3(b) ("If a petition on which the petitioner was represented by counsel is denied, counsel shall continue to represent the petitioner for an appeal to the Supreme Court, unless relieved as counsel by the circuit court or the Supreme Court."). For reversal, appellant Roy Smith contends that the circuit court erred in finding that his trial counsel was not ineffective for (1) refusing to strike a juror after being told that the juror was an acquaintance of Smith's sister and did not like Smith; (2) failing to properly move for a continuance because of an absent witness; and (3) failing to object to the legality of the search of Smith's home despite being advised that the officers executing the search did not knock and announce prior to entering and executed the search prior to 6:00 a.m. We find no error and affirm.

SLIP OPINION

An Arkansas County Circuit Court jury found Smith guilty of possession of cocaine with intent to deliver, possession of marijuana with intent to deliver, and unauthorized use of property to facilitate a crime. An order reflecting those verdicts was entered on June 17, 2009. On that same date, the jury recommended sentences of eighty years imprisonment for the possession-of-cocaine charge, thirty years' imprisonment and a $10,000 fine for the possession-of-marijuana charge, and forty years' imprisonment and a $15,000 fine for the unauthorized-use-of-property charge. The circuit court ordered that the jury sentences run consecutively, followed by an additional ten years' imprisonment pursuant to Arkansas Code Annotated section 5-64-411, resulting in a total sentence of 160 years' imprisonment and a $25,000 fine. The circuit court took into account Smith's "possession of more than One Hundred (100) grams of cocaine as well as [Smith]'s previous record consisting of Twelve (12) felony convictions, Four (4) of which involve either Possession of Cocaine with Intent to Deliver or Delivery of Cocaine," in determining the appropriate sentence.

Smith appealed his conviction and challenged the sufficiency of the evidence to support the convictions for possession of cocaine with intent to deliver and unauthorized use of property to facilitate a crime. He also appealed the denial of his motions to suppress the fruits of a search and for a continuance. The court of appeals affirmed on February 9, 2011. *Smith v. State*, 2011 Ark. App. 110, 381 S.W.3d 144. On May 2, 2011, Smith filed a "Petition for New Trial," requesting that the circuit court set aside his judgment and conviction and order

a new trial pursuant to Rule 37.1.[1]

In his Rule 37 petition, Smith contended that his trial counsel was ineffective for refusing to strike a juror after being told that the juror was an acquaintance of Smith's sister and did not like Smith; failing to make any argument as to the sufficiency of the evidence on the unauthorized-use-of-property charge; failing to properly move for a continuance because of an absent witness; and failing to object to the legality of the search of Smith's home despite being advised that the officers executing the search did not knock and announce prior to entering and executed the search prior to 6:00 a.m.

On August 22, 2011, the circuit court held an evidentiary hearing on Smith's Rule 37 petition. Smith was represented by counsel at the hearing. In a written order filed on September 2, 2011, the circuit court denied Smith's petition and request for a new trial and determined that Smith had not established that his trial counsel was ineffective. No notice of appeal was filed from that order.

On June 13, 2012, Smith filed a pro se motion for belated appeal with this court. We remanded to the circuit court for an evidentiary hearing on the issue of whether Smith timely informed his counsel of his desire to appeal from the order denying his Rule 37 petition. This court directed the circuit court to "enter Findings of Fact and Conclusions of Law within ninety days of the date of this opinion and submit the findings and conclusions to this court

---

[1]The mandate from his direct appeal issued on March 1, 2011. Rule 37.2 requires that a petition under the Rule be filed within sixty days of the appellate mandate. In this case, the sixty-day time period elapsed on Saturday, April 30, 2011. The first business day was May 2, 2011; therefore, Smith's petition was timely. In addition, Smith verified his petition on April 18, 2011. Verification of petitions is required by Rule 37.1(c).

SLIP OPINION

with the transcript of the evidentiary hearing." *Smith v. State*, (*Smith II*) 2012 Ark. 331, at 2 (per curiam). Upon remand, the circuit court found that smith had sufficiently informed counsel of his desire to appeal from the Rule 37.1 order and that counsel was obligated to file a notice of appeal from the Rule 37.1 order. *Smith v. State*, (*Smith III*) 2013 Ark. 166, at 3–4 (per curiam). This court accepted the circuit court's findings and granted Smith's pro se petition for belated appeal.

On April 15, 2014, Smith filed a second motion for belated appeal and petition for writ of certiorari to complete the record. In his motion, Smith contended that (1) the transcript from Smith's trial did not include a transcript of the jury selection; (2) the transcription of the oral motion for continuance and the hearing on Smith's motion to suppress were not made part of the record for the Rule 37 proceedings; and (3) the affidavit for search warrant, the warrant, and the motion to suppress were not part of the Rule 37 record. Thus, Smith requested that this court grant an additional thirty days to complete the record with these documents. On May 8, 2014, this court granted Smith's petition for writ of certiorari to complete the record and ordered that a supplemented record be filed. As Smith's appeal from the denial of his Rule 37 petition is now properly before this court, we turn to the merits.

We will reverse a trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Pankau v. State*, 2013 Ark. 162; *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d

SLIP OPINION

694.

In reviewing a claim of ineffective assistance of counsel, we consider the totality of the evidence. *Keck v. State*, 2012 Ark. 145, at 2. Under our standard of review, we assess whether counsel's performance was effective under the two-prong standard that the Supreme Court of the United States articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). To prove a claim of ineffective assistance of counsel, a petitioner must show (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that counsel's particular errors "actually had an effect on the defense." *Lee v. State*, 2009 Ark. 255, at 3, 308 S.W.3d 596, 600 (quoting *Strickland*, 466 U.S. at 693). The question in determining whether an attorney rendered constitutionally ineffective assistance of counsel is "whether the counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.*

There is a strong presumption that the trial counsel's representation falls within the wide range of reasonable professional assistance. *Id.* To overcome the presumption, the petitioner must identify specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.* According to the second prong of the *Strickland* test, even if counsel's conduct is shown to be professionally unreasonable, the judgment will stand unless the petitioner can demonstrate that the error had an actual prejudicial effect on the outcome of the proceeding. *Id.* (citing *Strickland*, 466 U.S. at 691). The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

SLIP OPINION

different." *Id*. at 4, 308 S.W.3d at 601 (quoting *Strickland*, 466 U.S. at 694). To prevail under *Strickland*, a claim of ineffective assistance of counsel must satisfy both prongs of the *Strickland* test. *State v. Brown*, 2009 Ark. 202, 307 S.W.3d 587 (per curiam).

Smith's first point on appeal is that the circuit court clearly erred by denying his motion for a new trial on the ground that his trial counsel was ineffective for failing to strike a juror, identified as Juror Lane, from the jury panel. Smith asserts that he urged his counsel to strike Lane because Lane "hung out with his sister," "lived with a guy named Donald Banks," and that "Banks and Smith had some issues with Dittrich, the prosecutor in [Smith's] case." Smith further asserts that he told trial counsel that "Banks did not like him and that there was hostility between" the two men. During Smith's Rule 37 hearing, his trial counsel testified that he did not recall Smith advising him to strike Lane. Although trial counsel acknowledged that it was his general practice to follow a client's suggestions on such matters, he stated that the circumstances during jury selection might cause him to change his general practice. For example, trial counsel testified that "you may have to choose . . . the least offensive or harmful of those jurors." The circuit court concluded that Smith "did not establish how, in the entire context of the trial, the seating of juror Lane prejudiced him." In addition, the circuit court determined that "matters of trial strategy are not grounds for finding ineffective assistance of counsel."

The decision to accept or exclude a particular juror may be a matter of trial strategy or technique. *Cunningham v. State*, 2013 Ark. 304, at 5, 429 S.W.3d 201, 206 (per curiam); *Butler v. State*, 2011 Ark. 435, 384 S.W.3d 526 (per curiam). The circuit court correctly

concluded that matters of trial strategy and tactics are not grounds for a finding of ineffective assistance of counsel. *See id.* Based on the testimony given by Smith's trial counsel with regard to Lane, we cannot say that the trial court clearly erred in finding that the decision to keep the juror was anything other than trial strategy.

For his second point, Smith contends that his trial counsel was ineffective for failing to execute an affidavit in compliance with Arkansas Code Annotated section 16-63-402 which resulted in the trial court denying his motion for a continuance. Section 16-63-402 provides:

> (a) A motion to postpone a trial on account of the absence of evidence shall, if required by the opposite party, be made only upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to obtain it. If the motion is for an absent witness, the affidavit must show what facts the affiant believes the witness will prove and not merely show the effect of the facts in evidence, that the affiant believes them to be true, and that the witness is not absent by the consent, connivance, or procurement of the party asking the postponement.

> (b) If thereupon the adverse party will admit that on trial the absent witness, if present, would testify to the statement contained in the application for a continuance, then the trial shall not be postponed for that cause. However, the opposite party may controvert the statement so set forth in the motion for continuance by evidence.

Ark. Code Ann. § 16-63-402 (Repl. 2005). According to Smith, he told his trial counsel about several witnesses that could help his case. One of those witnesses was Roderick Frye. Smith contends that he told his trial attorney that Frye had been seen at the rear end of Smith's vehicle with the trunk open and that Frye had told Smith that the trunk of Smith's vehicle was open. During Smith's Rule 37 hearing, his trial counsel agreed that the importance of that testimony, had it been able to be given at trial and considered by the jury to be true, would have been some evidence that other parties may have had an opportunity

to put controlled substances in the car. Trial counsel acknowledged that such testimony would have "opened that issue up." Trial counsel further testified:

> All I had was the information coming from Mr. Smith, who had told me on more than one occasion that he had talked to Mr. Frye, and prior to this search warrant being executed, I think it was several months prior to that, that Mr. Frye had been seen at the rear end of his vehicle with the trunk open. And that it had occurred several weeks before this incident . . . I was never able to locate, even with the help of law enforcement and the Prosecuting Attorney, locate Mr. Frye. In fact, I do know that I asked Mr. Smith, if you locate him, get him on the phone, you know, I have an investigator that works for me, we would gladly take his testimony—or take his statement—from him.

Finally, Smith's trial counsel testified that although he was familiar with section 16-63-402, he was not familiar with the substance of subsection (b) of the statute.

The objective in reviewing an assertion of ineffective assistance of counsel for failure to call certain witnesses is to determine whether that failure resulted in actual prejudice that denied the petitioner a fair trial. *Moten v. State*, 2013 Ark. 503, at 6 (per curiam); *Greer v. State*, 2012 Ark. 158 (per curiam) (citing *Woody v. State*, 2009 Ark. 413 (per curiam)). Where a petitioner alleges ineffective assistance of counsel based on the failure to call witnesses, it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Stevenson v. State*, 2013 Ark. 302 (per curiam) (citing *Hogan v. State*, 2013 Ark. 223 (per curiam)). The decision to call or not to call a particular witness is largely a matter of professional judgment. *Adams v. State*, 2013 Ark. 174, 427 S.W.3d 63. The fact that there was a witness or witnesses who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Id.* (citing *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000)). In order to demonstrate prejudice,

appellant must establish that there was a reasonable probability that, had counsel performed further investigation and presented the witness, the outcome of the trial would have been different. *Greer*, 2012 Ark. 158.

The circuit court rejected Smith's contention that his trial counsel was ineffective for failing to call Frye as a witness or for failing to execute an affidavit in compliance with section 16-63-402. Smith cites to no authority for the proposition that the failure to file an affidavit in compliance with section 16-63-402 constitutes ineffective assistance. Aside from that, he has failed to show that he would have been able to produce Frye during his trial had the motion for continuance been granted. The circuit court concluded that trial counsel had made a diligent effort to locate Frye to no avail. We cannot say that finding is clearly erroneous as Smith as failed to provide any information otherwise. Finally, Smith has not shown that Frye's testimony would have been admissible nor has he demonstrated that, had Frye testified, the outcome of his trial would have been different. Thus, under our standards, we cannot say the circuit court clearly erred in refusing to grant relief on this point.

Smith's final point on appeal is that trial counsel was ineffective for failing to challenge the search warrant on the grounds that the warrant was executed as a "no knock" warrant prior to 6:00 a.m. During Smith's trial, his counsel filed a motion challenging the search warrant on several grounds, most of which focused on ownership and control of the car in which the controlled substances were found. The motion was denied and that denial was affirmed on appeal. *Smith I*, 2011 Ark. App. 110, 381 S.W.3d 144.

During the Rule 37 hearing, Smith's trial counsel testified that he did not recall Smith

advising him of the time and manner of entry. He further testified that the warrant was executed at 6:03 a.m. and that state presented testimony at trial that the officers knocked before entering. In contrast, Smith testified that he informed his trial counsel that the warrant was executed at 5:45 a.m. and that the officers did not knock prior to entry. The circuit court concluded that it was not required to accept Smith's testimony concerning what he told his trial counsel. Moreover, the circuit court determined that "had [Smith] given the same testimony on these points at the suppression hearing, this court would not have been required to accept [Smith's] version of events over the return of the warrant which showed service after 6:00 a.m. and the state's testimony that the officers knocked before entering."

Counsel's decision whether to challenge the admission of evidence seized pursuant to the execution of an arrest warrant is cognizable in Rule 37 proceedings. *Moten*, 2013 Ark. 503, at 4. A petitioner who makes such a challenge must demonstrate that a motion to suppress would have been meritorious had counsel pursued it. *Id*. Here, the circuit court stated that it would not have been required to accept Smith's version of events surrounding the search warrant given that the State presented contradictory evidence concerning the time and manner of the warrant's execution. Credibility determinations are within the province of the trial court. *Williams v. State*, 2011 Ark. 489, at 13, 385 S.W.3d 228, 237 On appeal, Smith has failed to show that the motion to suppress would have been meritorious; therefore, the circuit court did not clearly err by denying relief on this point.[2]

---

[2]Although Smith's Rule 37 petition included the claim that "[t]rial [c]ounsel failed to make any argument as to the sufficiency of the evidence necessary to convict the defendant for unauthorized use of property to support his motion for directed verdict," that argument

We find that the circuit court did not clearly err in denying Smith's Rule 37 petition and we affirm.

Affirmed.

*Ronald L. Davis, Jr. Law Firm, PLLC*, by: *Ronald L. Davis, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

---

is not developed before this court. Claims raised below but not argued on appeal are considered abandoned. *Hayes v. State*, 2011 Ark. 327, at 2, 383 S.W.3d 824, 827.