ROBIN F. WYNNE, Associate Justice
Appellant Donnie Maiden appeals from the denial by the trial court of his pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). He alleges that the trial court erred with respect to its decision to deny relief on four of his claims of ineffective assistance of counsel. In addition to his four points for reversal of the order, Maiden also asks by motion for an extension of time to file a reply brief in the appeal. As it is clear from the face of the petition that Maiden did not substantiate with facts a ground for relief in his Rule 37.1 petition, there is no good cause to delay action on the appeal by granting leave to file a reply brief. The motion for extension of brief time is denied, and the trial court's order is affirmed.
*123 I. Background
In 2013, Maiden was convicted of the premediated and deliberate capital murder of Kylaus Williams and sentenced to a term of life imprisonment without parole. We affirmed. Maiden v. State , 2014 Ark. 294, 438 S.W.3d 263. The testimony adduced at Maiden's trial revealed that the victim, Williams, was the driver of a car in which there were three other occupants. Tim Bradley was in the front passenger seat, and Trenell Emerson and Maiden were in the backseat with Maiden behind the front passenger. When Williams stopped the car, Bradley opened the door to get out, and Maiden then opened his door and shot Williams seven times. Bradley fled, and Maiden dragged Williams's body out of the car, and he and Emerson drove away. Maiden and Emerson later abandoned the car and went to a hotel in Little Rock. They subsequently boarded a bus bound for California. The Arkansas police traced them to Phoenix, Arizona, where they were taken into custody by the Phoenix police.
When Maiden was arrested in Arizona, he was with Trenell Emerson and Emerson's brother, Eric Emerson. A gun that matched the cartridges found at the crime scene was retrieved from a bag in the possession of the men. In addition to recovering the gun, a pair of jeans with the victim's DNA on it was found discarded in a dumpster at the Little Rock hotel. Maiden's partial palm print was recovered from the car where the victim was shot. Bradley testified that did not see Maiden shoot the victim, but he saw a gun beside Maiden in the car before the shooting. A medical examiner testified that the victim's wounds were consistent with his having been shot from the right rear passenger seat where Maiden had been sitting. Trenell Emerson testified that he saw Maiden shoot the victim, and Maiden's former cellmate testified that Maiden told him that he had shot the victim.
II. Standard of Review
This court reviews the trial court's decision on Rule 37.1 petitions for clear error. Gordon v. State , 2018 Ark. 73, 539 S.W.3d 586. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. Lacy v. State , 2018 Ark. 174, 545 S.W.3d 746.
III. Strickland Standard
This court's standard for ineffective-assistance-of-counsel claims is the two-prong analysis set forth in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Gordon , 2018 Ark. 73, 539 S.W.3d 586. The benchmark for judging a claim of ineffective assistance of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Henington v. State , 2012 Ark. 181, 403 S.W.3d 55. Pursuant to Strickland , first, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. Williams v. State , 369 Ark. 104, 251 S.W.3d 290 (2007). A petitioner making an ineffective-assistance-of-counsel claim bears the heavy burden of demonstrating that his counsel's performance fell below an objective standard of reasonableness. See Springs v. State , 2012 Ark. 87, 387 S.W.3d 143. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id.
*124 Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. Id. The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. Howard v. State , 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. Id. Additionally, conclusory statements that counsel was ineffective cannot be the basis for postconviction relief. Reams v. State , 2018 Ark. 324, 560 S.W.3d 441.
IV. Points for Reversal of the Order
While Maiden raised a number of claims of ineffective assistance of counsel in his lengthy petition under Rule 37.1,[1] he raises only four issues in this appeal that he asserts establish that his trial counsel did not meet the standard under Strickland for providing the effective assistance of counsel guaranteed by the Sixth Amendment.[2]
Maiden's first point for reversal of the trial court's order is that the court erred in not granting relief on Maiden's allegation that his trial counsel should have presented the video of Trenell Emerson's interrogation by the police to the jury so that Emerson's testimony could have been impeached with his prior inconsistent statements. He argues that the video would have resulted in a possible acquittal.
At trial, Maiden's counsel cross-examined Emerson about statements Emerson had made to a detective. Emerson either denied, or said he could not recall, having made several of the statements. When counsel tried to impeach Emerson with a transcript of his statement, Emerson denied having said what appeared in the transcript. Counsel later sought to impeach Emerson's testimony by questioning the detective who had interrogated Emerson, but the State's objection to the questioning as hearsay was sustained. When Maiden argued on direct appeal that the trial court erred in sustaining the objection, we noted that Emerson's testimony was riddled with inconsistencies and that he admitted having given false prior statements; thus, Emerson's credibility had been impeached, and Maiden had not been denied the opportunity to challenge Emerson's credibility before the jury. Maiden , 2014 Ark. at 9, 438 S.W.3d at 270.
Maiden did not state a ground for relief under the Rule because he failed to offer factual substantiation to overcome the presumption that counsel's failure to *125 put the video into evidence was an error on counsel's part that prejudiced him. Maiden did not explain what more counsel could have done to bring out Emerson's inconsistent statements to the jury, and he did not offer any facts to demonstrate that the video of the interrogation, in itself, would have been so significant that he was prejudiced by counsel's failure to introduce it, particularly in light of the multiple examples of Emerson's inconsistencies that were revealed at trial. The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. Carter v. State , 2015 Ark. 166, 460 S.W.3d 781.
In his second argument for reversal of the order, Maiden contends that his counsel was remiss in not presenting DNA evidence to show that he was not the shooter of the gun that killed the victim. Maiden did not present any substantiation for the assertion that the absence of his DNA on the gun would have established that he was not the shooter, and the mere lack of a DNA match did not show that Maiden was prejudiced by counsel's conduct with respect to the DNA findings. See McDaniels v. State , 2014 Ark. 181, 432 S.W.3d 644 (holding that even if appellant's DNA was not on the victim's clothing, appellant had failed to delineate the actual prejudice that arose as a result of trial counsel's alleged ineffectiveness, and his bare assertion of prejudice was a conclusory allegation that could not form the basis of relief).
In his third claim for reversal, Maiden alleges that counsel was ineffective by not "timely and/or appropriately" objecting to evidence pertaining to the palm print found in the car. As we noted on direct appeal, counsel filed a motion in limine to exclude expert testimony relating to the palm print. Even though counsel did not bring the motion in a timely manner, Maiden did not meet his burden of proving ineffective assistance of counsel under Strickland because he failed to show with facts that there would have been any basis to challenge the expert opinion that the palm print was his if the motion had been timely. It is axiomatic that a petitioner seeking postconviction relief on a claim of ineffective assistance that is based on a failure to make a motion or objection must show on what basis counsel could have made a successful argument in order to demonstrate the prejudice required under the Strickland test. Gordon , 2018 Ark. 73, 539 S.W.3d 586. Failure to make a meritless objection or motion does not constitute ineffective assistance of counsel, and the onus is on the petitioner to show that counsel failed to raise a meritorious issue. Id. The entirely conclusory assertion that the palm print could have been challenged with no statement of the basis for the challenge does not demonstrate that Maiden's defense was prejudiced.
Finally, Maiden asserts that the trial court erred in denying his claim that his counsel was ineffective for failing to subpoena Eric Emerson to testify. During the trial, the State explained that Eric, who was on the State's witness list, could not be found and that Eric had never been served with a subpoena to appear at Maiden's trial. Defense counsel requested a mistrial on the ground that the State had stated that Eric would be present to testify and that Eric's testimony was crucial to the defense. Counsel conceded that it had erred in not issuing a defense subpoena for Eric. The request for a mistrial was denied.
The objective in reviewing an assertion of ineffective assistance of counsel *126 for failure to call certain witnesses is to determine whether that failure resulted in actual prejudice that denied the petitioner a fair trial. Smith v. State , 2015 Ark. 165, 459 S.W.3d 806. When a petitioner alleges ineffective assistance of counsel for failure to call a witness, it is incumbent on the petitioner to not only name the witness but to also provide a summary of the witness's testimony and to establish that the testimony would have been admissible into evidence. Id. To demonstrate prejudice, the petitioner is required to establish that there was a reasonable probability that, had counsel presented the witness, the outcome of the trial would have been different because the fact that there was a witness that perhaps could have offered testimony beneficial to the defense is not in itself proof of counsel's ineffectiveness. Gordon , 2018 Ark. 73, 539 S.W.3d 586 ; Johnson v. State , 325 Ark. 44, 924 S.W.2d 233 (1996).
Maiden did not meet his burden of establishing that counsel was ineffective for failure to subpoena Eric because Maiden's claim that he was prejudiced was conclusory. The totality of his support for the assertion of ineffective assistance of counsel was the bare assertion that Eric, who did not witness the shooting, had made statements to the police that could have proved "Trenell to be a liar about his statement of seeing Maiden shoot Williams," and that Eric had the gun in his bag. There was no factual substantiation provided in the petition that Eric had made any statements concerning Trenell's veracity or, if he had made statements, what Eric had said that would have undermined Trenell's credibility. Likewise, there was no factual support for Maiden's allegation that the gun was found in Eric's bag. Without factual support, Maiden did not show that the failure to obtain Eric's testimony, even if counsel could have located and subpoenaed him, would have been crucial to the defense. Neither the exact contents of Eric's statement nor the circumstances under which Maiden alleged Eric's statement was given and to whom the statement was given were contained in the Rule 37.1 petition. Likewise, the facts on which it could be shown that the gun was in Eric's bag were not provided by Maiden, on whom the burden rested to substantiate with facts his conclusion that he was prejudiced. Again, under the Strickland standard for a showing of ineffective assistance of counsel, the petitioner claiming error must show there is a reasonable probability that, but for counsel's error, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the error. Howard , 367 Ark. 18, 238 S.W.3d 24. Maiden alleged nothing in his petition to establish a reasonable probability that the outcome of his trial would have been different if Eric had testified.
As stated, this court reviews the trial court's decision on a Rule 37.1 petition for clear error and will affirm if the petitioner alleging ineffective assistance of counsel failed in his petition to satisfy both prongs of the Strickland standard. In light of Maiden's failure to support the four allegations that he argues in this appeal were wrongfully decided by the trial court with facts to demonstrate that he suffered actual prejudice by any of counsel's alleged errors, there is no ground to reverse the order. See Stiggers v. State , 2014 Ark. 184, 433 S.W.3d 252 (noting that the petitioner must satisfy both prongs of the test, and it is not necessary to determine whether counsel was deficient if the petitioner fails to demonstrate prejudice as to an alleged error).
Affirmed; motion denied.
Hart, J., would take as a case.

Rule 37.1(b) provides that a petition under the Rule should not exceed ten pages and should meet other guidelines. Maiden's petition exceeded ten pages in length, and he filed a motion with it seeking leave to file an overlength petition. The record does not reflect that a decision was entered on the motion, but the trial court's order addressed the issues raised in the entire petition, holding that the allegations in it in general were either not cognizable under the Rule or were conclusory in nature and did not merit relief. It was within the trial court's prerogative to rule on the overlength petition because a petitioner's failure to abide by Rule 37.1(b) does not deprive a court of authority to rule on the merits of an overlength petition if it elects to do so. See Barrow v. State , 2012 Ark. 197, 2012 WL 1631806.

Those arguments raised below that Maiden does not reassert on appeal are abandoned. Ramirez v. State , 2018 Ark. 32, 536 S.W.3d 614.