Cite as 2020 Ark. 28

# SUPREME COURT OF ARKANSAS
No. CR-18-588

| | |
|---|---|
| DARRELL DENNIS | Opinion Delivered: January 23, 2020 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE PULASKI |
| V. | COUNTY CIRCUIT COURT, SECOND |
| | DIVISION; MOTION TO STAY APPEAL |
| STATE OF ARKANSAS | TO ALLOW APPELLANT TO PROCEED |
| APPELLEE | IN CIRCUIT COURT TO PURSUE |
| | *REAMS/BATSON/DUREN* CLAIM |
| | [NO. 60CR-13-2207] |
| | |
| | HONORABLE CHRISTOPHER |
| | CHARLES PIAZZA, JUDGE |
| | |
| | AFFIRMED; MOTION MOOT. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Darrell Dennis appeals from the denial and dismissal by the trial court of his pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2017). He alleges that the trial court erred by denying his numerous claims of ineffective assistance of counsel and that he was entitled to an evidentiary hearing on the petition. We affirm the trial court's denial of postconviction relief. Because we affirm the trial court's denial of Rule 37.1 relief, Dennis's motion to stay the appeal is moot.

I. *Background*

In 2015, Dennis was convicted of capital murder, two counts of aggravated robbery, and two counts of kidnapping. Because the State did not seek the death penalty for the crime of capital murder, Dennis automatically received a sentence of life imprisonment without parole for that offense. Dennis was sentenced by the court as a habitual offender to concurrent terms of life in prison for the remaining offenses. Dennis appealed, and this court affirmed. *Dennis v. State*, 2016 Ark. 395, 503 S.W.3d 761.

The testimony adduced at trial reflects that in the early morning hours on May 10, 2013, Forrest Abrams drove his red Chevrolet Tracker to the Golden Foods store in Little Rock so that Tyler Hodges could buy cigarettes, and while in the parking lot, Hodges met a man, later identified as Dennis, who asked for money. When Hodges returned to the Tracker, he got into the back seat while Dennis got into the front passenger seat. After leaving the parking lot, Abrams discussed purchasing drugs from Dennis, and Dennis pointed a gun at Abrams and made him switch seats. Dennis then drove the Tracker to a location where they met two young black males. The men confiscated Abrams's and Hodges's wallets and forced them into another vehicle, a tan Geo Prizm.[1]

---

[1] The Geo Prizm belonged to Edgar Brown, a homeless man. He had told Detective Tommy Hudson that two young black males woke him up and told him that "Red" had run out of gas and that he needed to take Red some fuel. Brown drove to the street and saw two white males in a red Tracker with Red, and that, as he was putting fuel in the Tracker, Red got in the Prizm. After Brown protested, he was struck, chased down and threatened at gunpoint, at which time he threw the keys to the Prizm. Red returned the Prizm later that morning. Detective Hudson showed Brown a photo array, and Brown selected Dennis as the man he knew as Red.

Dennis drove the second vehicle to an ATM and unsuccessfully tried to use Hodges's debit cards, and to placate Dennis, Hodges told Dennis that he had money at his cousin's house. Dennis held Abrams as "collateral" and one of the younger males walked Hodges, at gunpoint, to the front door of the cousin's house. Hodges escaped by going into the house when the cousin answered the door, and he subsequently called 911.

The Little Rock Police Department responded to a call at 5:05 a.m. alerting of shots fired. Abrams was found dead, having been shot four times in the back. Abrams's Tracker was found later that morning with the cover of the gas tank open and a nozzle from a gas can inserted in the tank.

Detective Hudson disseminated still photographs of the driver from the ATM camera throughout the police department and later received information from another officer that identified the driver as Dennis. Hudson subsequently prepared a photographic spread for Hodges to view, and Hodges selected Dennis from the array. Dennis was arrested on May 23, and on June 5, 2013, Alvin Cooper, an informant, contacted Hudson. Cooper advised Hudson that he was at the Golden Foods on May 10, 2013, purchasing fuel for his Suburban and that he saw an acquaintance, "Red."[2] After showing Cooper the photographic spread, Cooper identified Dennis as Red. Detective Hudson also viewed

---

[2]Cooper died before trial. However, the State was able to admit Cooper's testimony from a pretrial hearing. Cooper essentially testified that he saw Dennis in the parking lot standing by the passenger side of a Tracker and that he called out to him but that Dennis did not respond. Cooper had been paid for providing the information to the police and had previous convictions.

3

video from the store, and although it was of poor quality, he was able to confirm the presence of Abrams's Tracker and Cooper's Suburban were at the store at the same time.

The State also offered testimony from Sylvester Williams, who had been in the Pulaski County jail with Dennis. Williams testified that Dennis told him he was going to beat the charges because the camera from the store did not show that he was there and that Dennis regretted not killing the other victim, Hodges.

## II. *Standard of Review*

This court reviews the trial court's decision on Rule 37.1 petitions for clear error. *Gordon v. State*, 2018 Ark. 73, 539 S.W.3d 586. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Lacy v. State*, 2018 Ark. 174, 545 S.W.3d 746.

## III. Strickland *Standard*

This court's standard for claims of ineffective assistance of counsel is the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The benchmark for judging a claim of ineffective assistance of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. Pursuant to the *Strickland* test, a petitioner raising a claim of ineffective assistance of counsel must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the

4

United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). A petitioner making an ineffective-assistance-of-counsel claim bears the heavy burden of demonstrating his counsel's performance fell below an objective standard of reasonableness. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Id.* The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* Additionally, conclusory statements that counsel was ineffective cannot be the basis for postconviction relief. *Reams v. State*, 2018 Ark. 324, 560 S.W.3d 411.

IV. *Points for Reversal*[3]

---

[3]The trial court's order specifically references that Dennis filed the instant "appeal" on November 11, 2017. The date referenced appears to be a scrivener's error, as the file-mark date of the original Rule 37.1 petition is January 11, 2017, and there is no pleading file-marked on November 11, 2017. Moreover, the order specifically addresses the allegations that are in the original petition, which are delineated more narrowly than in

A.    Trial Counsel was Ineffective for Failing to Seek a Continuance and Failing to Impeach Witnesses and Object to the State's Use of False Testimony

Dennis raised numerous grounds of ineffective assistance of counsel in his Rule 37.1 petition, and he renews those arguments on appeal.  Dennis contends that counsel was ineffective for failing to seek a continuance to be relieved as counsel; that counsel was unprepared for trial because counsel failed to investigate the case and impeach the State's witnesses and introduce evidence to establish a viable defense; and that counsel failed to object to the State's use of false testimony.

Under these general assertions, Dennis makes specific allegations that counsel was ineffective for failing to impeach (1) Hodges's testimony that he was robbed and kidnapped at gunpoint at a convenience store because the store clerk, Johnny Reeves, wrote a statement that no robbery or kidnapping took place and that video surveillance indicated that Hodges and Abrams were approached by an individual but that the individual did not get in the vehicle; (2) Hodges's testimony that he and Abrams were driven to Hodges's aunt's house by Dennis because Hodges's aunt wrote a statement that she did not see Dennis or Abrams in front of her house and that Carlos Reese was seen on the porch; (3) Hodges's testimony because Abrams sold drugs and "Hodges set Abrams up for Carlos Reese" and the "fact that Abrams was already dead long before Hodges called police," and

any of the subsequently filed amended petitions.  As such, the trial court specifically considered only the grounds raised in the original Rule 37.1 petition and did not grant leave of court for Dennis to file an amended Rule 37.1 petition.  *See* Ark. R. Crim. P. 37.2(2) (2017).

Hodges's testimony due to Carlos Reese texting a friend of Abrams's, Reese lying about his alibi, Reese's running from the police, and Reese's being identified on the front porch; (4) Hodges's trial testimony that he drove from the store to his aunt's house, with the 911 call, that indicated he ran from the store to his aunt's house; (5) Hodges's and Detective Hudson's testimony that indicated Hodges identified Dennis in a photo lineup on May 11, 2013, because Hudson allegedly sought assistance in "running ads in jail to identify a suspect in this case" after the identification was made on May 11, 2013; (6) Sylvester Williams's and Officer Lisa Warner's testimony about the Pulaski County Detention Center's policy regarding segregation of jail inmates; (7) Hodges's testimony that he escaped and called 911 at 5:22 a.m. when Abrams "had been dead a long time before Hodges called police"; (8) Hodges's testimony because Officer Cassandra Davis's statement in the newspaper exposed inconsistencies with the actual timeline of events; (9) Hodges's testimony about the 911 call because Hodges testified that he was forced into another vehicle but the 911 call did not make any such statement; and (10) Hodges's testimony and credibility because he was under the influence of LSD during the incident, and counsel should have had an expert to testify about the influence of LSD. None of the claims raised by Dennis merit postconviction relief, and the trial court properly denied relief.[4]

---

[4]An appellant in a Rule 37.1 proceeding is limited to the scope and nature of his arguments below, and he cannot raise new arguments on appeal. *Reams v. State*, 2018 Ark. 324, 560 S.W.3d 441. In an appeal of the denial of a Rule 37.1 petition, failure to obtain a ruling on an issue, including a constitutional issue, precludes review on appeal. *Id.*

The trial court found that Dennis failed to demonstrate that counsel was ineffective for failing to seek a continuance to be relieved and for going to trial. Trial counsel, Thomas Devine, did seek to be removed as counsel; however, no conflict of interest was found. *Dennis*, 2016 Ark. 395, 503 S.W.3d 761. This court on direct appeal noted that, even at that time, "Dennis does not identify the purported conflict of interest. Nor has he alleged or demonstrated prejudice resulting from Devine's representation." *Id.* at 15, 503 S.W.3d at 770. Dennis's trial had been set and continued five times, and the trial court found that Dennis had failed to establish a conflict and failed to show any prejudice that resulted from counsel's failure to seek another continuance. We agree.

With respect to an ineffective-assistance-of-counsel claim regarding trial counsel's decision to call a witness, such matters are generally trial strategy and outside the purview of Rule 37.1. *Hinton v. State*, 2019 Ark. 136, 572 S.W.3d 381. The objective in reviewing an assertion of ineffective assistance of counsel for failure to call certain witnesses is to determine whether that failure resulted in actual prejudice that denied the petitioner a fair trial. *Maiden v. State*, 2019 Ark. 198, 575 S.W.3d 120. When a petitioner alleges ineffective assistance of counsel for failure to call a witness, it is incumbent on the petitioner to not only name the witness but to also provide a summary of the witness's testimony and to establish that the testimony would have been admissible into evidence.

Accordingly, we limit our review of Dennis's arguments to those that were ruled on by the trial court.

8

*Id.* To demonstrate prejudice, the petitioner is required to establish that there was a reasonable probability that had counsel presented the witness, the outcome of the trial would have been different. The fact that there was a witness that perhaps could have offered testimony beneficial to the defense is not in itself proof of counsel's ineffectiveness. *Id.*

All of Dennis's claims pertain to the impeachment of the testimony of Hodges or other witnesses at trial with statements allegedly given prior to trial, the 911 call, or other witnesses' testimony at trial. The ten claims ruled on by the trial court do not allege that counsel failed to call a particular witness but rather that counsel failed to use pretrial statements by witnesses who did not testify at trial, failed to more effectively hash out any inconsistencies or contradictions in Hodges's own testimony, and failed to better cross-examine witnesses who testified at trial. The claims appear to be a challenge to the sufficiency of the evidence under the guise of an allegation of ineffective assistance of counsel, and it is settled that Rule 37.1 does not provide a means to challenge the sufficiency of the evidence. *Williams v. State*, 2019 Ark. 129, 571 S.W.3d 291; *see Ortega v. State*, 2017 Ark. 365, 533 S.W.3d 68 (challenges to the sufficiency of the evidence are a direct attack on the judgment and are not cognizable in a Rule 37.1 proceeding).

To the extent we give credence to Dennis's allegations, Dennis has not stated a ground for relief under the Rule because he failed to offer factual substantiation to overcome the presumption that counsel's failure to put forth any of the purported evidence was an error on counsel's part that prejudiced Dennis. *See Maiden*, 2019 Ark. 198, 575

9

S.W.3d 120. The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice. *Id.* Dennis's allegations wholly lack any demonstration that he was prejudiced in any way; hence, there is no ground to reverse the order. *See Stiggers v. State*, 2014 Ark. 184, 433 S.W.3d 252 (noting that the petitioner must satisfy both prongs of the *Strickland* test, and it is not necessary to determine whether counsel was deficient if the petitioner fails to demonstrate prejudice as to an alleged error).

B. Trial Counsel was Ineffective for Failing to Object to the Prosecutor's Closing Argument and for Failing to Seek a Curative Instruction

Dennis argues that trial counsel was ineffective for failing to object to the prosecutor's statements during closing arguments. Dennis contends that counsel should have sought a curative instruction because the prosecutor's statements were improper and that the State was "vouching for the credibility of its own witnesses," which influenced the jurors to believe the State's witnesses were telling the truth and made the prosecutor a witness herself. Dennis fails to demonstrate that trial counsel was ineffective, and the trial court's ruling was not erroneous.

This court has repeatedly stated the general rule that closing arguments must be confined to questions in issue, the evidence introduced during trial, and all reasonable inferences and deductions which can be drawn therefrom. *Woodruff v. State*, 313 Ark. 585, 856 S.W.2d 299 (1993). When an attorney's comment during closing arguments directly reflects, or is inferable from, testimony at trial, there is no error. *Id.* Moreover, this court has noted that experienced advocates might differ about when, or if, objections during

10

closing argument are called for since, as a matter of trial strategy, further objections from counsel may have succeeded in making the prosecutor's comments seem more significant to the jury. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918. Because many lawyers refrain from objecting during closing argument, absent egregious misstatements, the failure to object during closing argument is within the wide range of permissible professional legal conduct. *Id.*

The trial court found that the prosecutor made comments regarding the witness's truthfulness and why, according to the record, the witness would not lie, and that the prosecutor's comment was based on the evidence presented at trial.[5] We agree that Dennis has failed to establish that trial counsel was ineffective for failing to object to the prosecutor's statements. Moreover, Dennis fails to demonstrate that an objection to the prosecutor's comments would have been fruitful. Essentially, Dennis also makes a claim of prosecutorial misconduct based on the above-referenced conduct, and a claim of prosecutorial misconduct is not cognizable in a Rule 37 proceeding because it is a claim that could have been raised at trial and on direct appeal. *Ortega*, 2017 Ark. 365, 533 S.W.3d 68.

C. Trial Counsel was Ineffective for Failing to Object During Cross-Examination of Detective Hudson's Testimony or Seek a Curative Instruction

Dennis contends that trial counsel was ineffective for failing to object or seek a curative instruction when Detective Hudson stated that Hudson believed Dennis had

___

[5]Alvin Cooper was the witness referenced by the State.

murdered Abrams himself. Dennis claims that this allowed the jury to evaluate the statement as a proper statement of guilt, and had the jury been admonished, it would have had been told to disregard the statement, and the issue would have been preserved for direct appeal. Dennis has failed to establish that he is entitled to Rule 37.1 postconviction relief.

The petitioner under Rule 37.1 who raises the failure to object must show that there was a basis for a meritorious objection because failure to make a meritless objection is not ineffective assistance of counsel. *Johnson v. State*, 2018 Ark. 6, 534 S.W.3d 143; *Turner v. State*, 2016 Ark. 96, 486 S.W.3d 757. In this instance, the testimony of Detective Hudson was elicited during cross-examination in an attempt by Dennis's counsel to establish Detective Hudson's method of investigation and the imperfections in the theory of the case. There is no legal basis to challenge the admission of testimony that was elicited by Dennis's own counsel. *See Hicks v. State*, 327 Ark. 652, 941 S.W.2d 387 (1997) (Appellant cannot complain of error in the admission of testimony when he is the one who originally elicited the testimony.). Dennis has failed to establish how trial counsel would object to his own line of questioning and what meritorious objection—outside Dennis's claim of "highly inflammatory statement"—trial counsel could have raised to his own questions and Detective Hudson's responses.

D.      Trial Counsel was Ineffective for Failing to Object to the Medical Examiner's Testimony

Dennis contends that the medical examiner's testimony referenced an official death certificate that was not Abrams's death certificate; rather, it was one for Forrest Adams, and trial counsel was ineffective for failing to object to the medical examiner's inaccurate testimony regarding Abrams's injuries and death based on the erroneous death certificate and for not seeking a mistrial, which violated his right to due process. Dennis further contends that counsel's failure to object prejudiced him because he was convicted with no way to appeal the error because it was not preserved for appellate review. Dennis failed to establish he was entitled to Rule 37.1 relief.

As the trial court noted in its order, Dr. Stephen A. Erickson testified, not from reading a death certificate, but from his recollection of the autopsy and from photographs that were admitted into evidence. No death certificate for Abrams or "Forrest Adams" was admitted into evidence. The record is void of any evidence to support Dennis's allegation, and Dennis bears the burden to provide facts that affirmatively support his Rule 37.1 claims, and he has failed to do so. *See Mancia v. State*, 2015 Ark. 115, 459 S.W.3d 259.

E. Trial Counsel was Ineffective for Failing to Seek a Special Prosecutor

Dennis contends counsel was ineffective for failing to seek a special prosecutor because the prosecutor "had a special interest in [Dennis's] case due to a lot of public outcry with state officials, as it was alleged that it was a state error that caused/le[d] to the death of . . . Abrams[.]" Dennis argues that because trial counsel was aware of the issues regarding public outcry and publicity, trial counsel turned a "blind eye" and assisted in the State's improprieties by not seeking a special prosecutor and by not investigating any

impeachment evidence or witnesses to combat the State's use of false testimony. Dennis's claims fail to establish that the trial court erred by denying his Rule 37.1 petition.

A conclusory claim without factual substantiation will not support a basis for postconviction relief. *Ortega*, 2017 Ark. 365, 533 S.W.3d 68. Dennis provides no factual substantiation or citation to authority to support his claim that trial counsel was ineffective for his failure to request a special prosecutor. A claim of prosecutorial misconduct, including a claim of suborning perjury, is a direct challenge and not cognizable in postconviction proceedings under the Rule. *Lee v. State*, 2017 Ark. 337, 532 S.W.3d 43. Rule 37 was not intended to provide a method for the review of mere error in the conduct of the trial or to serve as a substitute for appeal. *Clark v. State*, 255 Ark. 13, 498 S.W.2d 657 (1973). Dennis's conclusory claims do not delineate the basis on which trial counsel should have sought to have a special prosecutor appointed outside of the generalized claim of public outcry and publicity. *See Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001) (Trial counsel is not ineffective for failing to make an argument that is without merit.). Moreover, Dennis fails to provide any specific examples of false testimony or the names of witnesses that could or should have been impeached or called by trial counsel to impeach the witnesses at trial. *Gordon*, 2018 Ark. 73, 539 S.W.3d 586 (The petitioner must provide the names of the witnesses, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence.).

F.     The Trial Court Erred by Failing to Hold an Evidentiary Hearing

14

Finally, Dennis contends that he is entitled to an evidentiary hearing. Rule 37.3 of the Arkansas Rules of Criminal Procedure provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that a prisoner is entitled to no relief. *Douglas v. State*, 2019 Ark. 57, 567 S.W.3d 483. If the files and record show that the petitioner is not entitled to relief, the trial court is required to make written findings to that effect. Ark. R. Crim. P. 37.3(a). Here, the petition and record conclusively showed that Dennis was entitled to no relief, and the trial court made the requisite findings. For the above-stated reasons, we affirm the trial court's denial of Dennis's petition for postconviction relief without an evidentiary hearing.

Affirmed; motion moot.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** Before his case was submitted, appellant Darrell Dennis filed a motion to stay his appeal. Rather than taking up the motion, both the motion and Mr. Dennis's appeal were taking together. Inexplicably, the majority has not deigned to address this motion, except to declare it "moot." This decision is wrong.

I cannot ignore the fact that this court recently decided an appeal, *Steinbuch v. Univ. of Ark.*, 2019 Ark. 356, at 12, ___ S.W.3d ___, that was stayed on the appellant's motion for more than a year. I note that appellant Steinbuch is a licensed attorney and a law professor at the University of Arkansas at Little Rock Bowen School of Law, and appellant Dennis is a pro se inmate in the Arkansas Department of Correction.

15